FRED. W. MINER v. PARIS EXCHANGE BANK.

*(Case No. 3617.)*

1. USURIOUS INTEREST — CONTRACT — ATTORNEY'S FEES.— A debtor whose debt consisted of principal and interest, borrowed money, obtained an extension of time for payment, by executing a note for the principal and interest then due, and adding thereto legal conventional interest, calculated on principal and interest for which the note was made, up to the time to which the extension was given. Interest to be paid on the whole amount after maturity at the rate of one per cent. per month, and ten per cent. to be added for attorney's fees in the event suit was brought to collect. The defense of usury was set up. *Held,*

    1. In the absence of evidence to the contrary, usury cannot be presumed.

    2. Compound interest is not in itself usurious.

    3. The conditional stipulation to pay attorney's fees, the contract being lawful in other respects, could be enforced.

    4. Such fees, though not an element of damages, can be made so by contract.

APPEAL from Lamar. Tried below before the Hon. R. R. Gaines.

The character of the suit is apparent from the opinion. The court charged that the evidence introduced by defendant did not sustain the plea of usury, and refused to charge that if the jury found upon calculation that the amount stipulated for in the note, by way of interest, amounts to more than twelve per cent. per annum upon the sum actually borrowed, then the

same would be usurious.   The third error assigned was, "the court erred in refusing the charge asked by defendants."

*W. H. Johnson* for appellants. — The charge is clearly wrong if the evidence tended to establish the plea of usury. Sheffield *v.* Gordon, 34 Tex., 532. We contend that it not only tended to prove, but did prove, the fact of usury as declared by sec. 11, art. 16 of the constitution of 1876, upon the subject of interest and usury, and as defined by acts of 1876, p. 227, the act regulating interest. We contend that more than twelve per cent. per annum results to appellees upon said note as adjudged by the court, owing to its peculiar stipulations, and if that be so, the contract is usurious and the appellants have a right to have it so adjudged. The note is but a device to obtain a greater amount of interest than twelve per cent. per annum, and is therefore usurious under the constitution and laws above cited. In support of our views, we cite from our own court, Adriance *v.* Brooks, 13 Tex., 281, and Sheffield *v.* Gordon, 34 Tex., 532.

*Wright & McDonald* for appellee.— The court properly refused to give the charge asked by defendants, because the same was not warranted by the evidence. Hardy *v.* De Leon, 5 Tex., 245; Wheeler *v.* Moody, 9 Tex., 378; Fisk *v.* Wilson, 15 Tex., 435; Patton *v.* Gregory, 21 Tex., 513.

BONNER, ASSOCIATE JUSTICE.— Appellant Miner, on June 5, 1876, was indebted to appellee, Paris Exchange Bank, in the sum of $2,233.33, principal and interest.

Time of payment was extended to January 1, 1877, and legal conventional interest was calculated on the above amount to this last named date, which, with the amount then due, made the sum of $2,360, for which the note here sued on was given.

It was due January 1, 1877, bears interest at the rate of one per centum per month from maturity, which of itself was not against the provisions of the statute regulating interest, and

contains the further stipulation for ten per centum for attorney's fees in the event of suit.

Upon default of payment, suit was instituted upon the note, when appellant Miner set up the defense of usury, upon the grounds that it bears interest upon interest and provides for the payment of attorney's fees.

Neither the circumstances attending the transaction, nor other facts tending to prove usury than those above stated, were in evidence.

Judgment was rendered for the bank, from which this appeal is taken.

1. In the absence of evidence to the contrary, the law will not presume that a contract is usurious. Mills *v.* Johnson, 23 Tex., 329.

2. Compound interest is not of itself usurious. Mills *v.* Johnson, 23 Tex., 329; Lewis *v.* Paschal, 37 Tex., 318; Mills *v.* Bales, 11 Conn., 495; Turner *v.* Miller, 1 Eng. (Ark.), 468; Wilcox *v.* Howland, 3 Pick., 169; Brown *v.* Brent, 1 Hen. & M. (Va.), 4.

It is the usual practice with us to render judgment for the principal and interest then due, and this new principal to bear interest. This has been expressly decided not to be unlawful. Frazier *v.* Campbell, 5 Tex., 275; Coles *v.* Kelsey, 13 Tex., 78.

3. If the contract were lawful in other respects, the conditional stipulation to pay the usual attorney's fees in the event suit had to be instituted to enforce it, would be legal and founded upon a valuable consideration.

Such fees, though not an element of damages in an ordinary suit for the collection of money, can be made such by express contract. Roberts *v.* Palmore, 41 Tex., 617.

4. There being no sufficient evidence to show an usurious intention on the part of the bank, it was not error in the court to so instruct the jury. Bond *v.* Mallow, 17 Tex., 636, and authorities cited.

AFFIRMED.

[Opinion delivered June 1, 1880.]