**L. L. McDANIEL, Appellant,**

v.

**J. A. MILLER, Appellee.**

No. 3598.

Court of Civil Appeals of Texas.

Waco.

Oct. 23, 1958.

Anderson & Anderson, Cleburne, for appellant.

Hal S. Lattimore, Ft. Worth, for appellee.

TIREY, Justice.

This suit, non-jury, is one for debt. Plaintiff grounded his cause of action on a check executed and delivered by the defendant to plaintiff on the 16th day of December, 1953, payable to plaintiff in the sum of $2,463.00, the check having been drawn on the Cleburne National Bank, and which check was duly presented to the bank for payment, and payment was refused. Plaintiff admitted that the face amount of the check had been reduced by credits totalling approximately $800, and asked judgment for the balance with interest, plus attorney's fees. Defendant filed a general denial and specially pleaded credits in various amounts that extinguished the debt.

The court, at the conclusion of the testimony, awarded judgment in favor of plaintiff against defendant for the sum of $653.38, with interest from March 25, 1958, at the rate of 6% per annum until paid. The defendant excepted to the judgment entered and gave notice of appeal and perfected his appeal to this court. The plaintiff excepted to the judgment because it did not award to him attorney's fees.

At the request of the defendant the court filed findings of fact and conclusions of law. We quote them.

"Findings of Fact

"1. That on or about December 16, 1953, the defendant, L. L. McDaniel executed and delivered his personal check drawn on the Cleburne National Bank, Cleburne, Texas, payable to the plaintiff J. A. Miller, in the amount of $2463.00.

"2. That said $2463.00 check was presented to the said Cleburne National Bank for payment in due course of business, and payment was refused by said bank.

"3. That thereafter, after payment of said check was refused by said bank, defendant, L. L. McDaniel, paid $1550.00 to the plaintiff, J. A. Miller, and such $1550.00 was intended by both parties to be credited upon said $2463.00 check, as agreed to by both parties herein.

"4. That in addition to said agreed payment of $1550.00, the defendant, L. L. McDaniel, furnished an electric fan to the plaintiff, J. A. Miller, of the value of $35.00.

"5. That in addition to the hereinabove named credits, the plaintiff, J. A. Miller, used a tractor belonging to the defendant, L. L. McDaniel, the value of which use is $25.00.

"6. That at a time prior to December 16, 1953, the defendant, L. L. McDaniel, had purchased a quantity of cattle at Miller's Sales Barn, and whereupon the defendant, L. L. McDaniel, left the cattle in a pen at the plaintiff's, J. A. Miller's, sales barn long enough for the defendant, L. L. McDaniel, to get a truck in which to haul them off; that when the defendant, L. L. McDaniel, returned to the sales barn with the truck one head of cattle of the value of $125.00 was missing from the pen, and the defendant, L. L. McDaniel, was not able to recover or locate this one head of cattle thereafter.

"7. That on a transaction wherein the defendant, L. L. McDaniel, bought some cattle and sold some cattle at the plaintiff's, J. A. Miller's, auction barn on or about September 2, 1953, the plaintiff, J. A. Miller, by error charged the defendant, L. L. McDaniel, with the sum of $194.50 twice, whereas the defendant, L. L. McDaniel, should have been charged this amount only once.

"8. That the plaintiff, J. A. Miller, in keeping his records on what the defendant, L. L. McDaniel, owed him, made inadvertently, a mistake in addition and subtraction in the amount of $10.00, which error was in favor of the plaintiff, J. A. Miller.

"Conclusions of Law

"That at the time of trial herein the defendant, L. L. McDaniel, is indebted to plaintiff, J. A. Miller, in the amount of $2463.00, less the following amounts for the following credits:

"(a) The $1550.00, and more specifically described in Fact No. 3 hereinabove.

"(b) $35.00 for the electric fan referred to in Fact No. 4 hereinabove.

"(c) $194.50 for the error in bookkeeping referred to in Fact No. 7 hereinabove.

"(d) $10.00 for the error in addition and subtraction, as referred to in Fact No. 8 hereinabove.

"(e) $25.00 for the use of tractor, referred to in Fact No. 5 hereinabove.

"(f) $125.00 for loss of one head of cattle, as referred to in Fact No. 6 hereinabove.

"All of such credits totalling the amount of $1939.50, leaving a net balance at the time of trial in the amount of $523.50, which the defendant, L. L. McDaniel, then and there owed to the plaintiff, J. A. Miller.

"That the defendant, L. L. McDaniel, owes interest on the amount of $523.50 from January 15, 1954 to the date of the entry of judgment herein, in the amount of $129.88, at simple interest at the rate of six per cent per annum.

"This interest is computed from January 15, 1954, because this date is the date that the last offset had accrued on the indebtedness which the defendant, L. L. McDaniel, owed to the plaintiff, J. A. Miller."

Neither party filed any exceptions or objections to the court's findings of fact and conclusions of law, nor did they make any request for any further findings or conclusions of law.

The judgment is assailed on what appellant designates as six points. We think

they present only two. The first three are substantially to the effect that the court erred (1) in refusing to allow appellant credit for the amount of $508.14 which was specially pleaded by appellant. The last three are substantially to the effect that (2) there is no evidence to support the judgment; the evidence is insufficient to support the judgment; and the judgment is contrary to the greater weight and preponderance of the evidence. We overrule each of appellant's points for reasons which we shall hereinafter briefly state.

■■ Since this cause was tried without the aid of a jury, before discussing appellant's points of error we think we should say that this court, in Googins v. E. W. Hable & Sons, Tex.Civ.App., 237 S.W. 2d 705, n. r. e., writ of certiorari denied by U. S. Sup. Ct., 342 U.S. 944, 72 S.Ct. 556, 96 L.Ed. 702, held substantially that, absent a jury, the court becomes the trier of facts, as of law, and his findings are equivalent to a jury verdict on special issues; and that a reviewing court will not disturb the fact findings of the trial court, if there is some evidence of probative force to support the same, viewing the evidence in the light most favorable to the successful party and indulging every legitimate inference or conclusion that is favorable to him. Citing John Hancock Mutual Life Ins. Co. v. Stanley, Tex.Civ.App., 215 S.W.2d 416, points 1 and 2, and authorities there collated.

In Wilson v. Teague Independent School Dist., Tex.Civ.App., 251 S.W.2d 263, 268, writ ref., this court made this statement of the rule: "The rule is well settled that the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it and that a court of civil appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings." Citing Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972; Woodward v. Ortiz, 150 Tex. 75, 237 S.W. 2d 286. See also cases collated under 4

Tex.Dig., Appeal and Error, ⊕1010(1). See also In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

■ Going back to appellant's points 1 and 2, we find that this suit is in the nature of one for an accounting, and much testimony was tendered by both sides as to the amount of credit to which defendant was entitled. In fact, the Statement of Facts contains 137 pages. Needless to say that many fact issues were tendered to the trial court to be resolved by that court under all the surrounding facts and circumstances. Certainly, the trial court was in a much better position than this court to determine the credibility of the witnesses and the exhibits tendered under all the facts and surrounding circumstances. If we disagreed with the findings of the trial court, which we do not, we could not substitute our findings for those of the trial court.

■ The trial court in its judgment found that there was a balance due and owing by appellant to appellee of $523.50, as of date January 15, 1954, and the court further found that appellee was entitled to interest on such amount to March 25, 1958, and found the interest to be $129.88. The court then further found that appellee was entitled to recover as of March 25, 1958, a total sum of $653.38, which included the item of interest of $129.88 and the item of $523.50 aforesaid, and further found that the appellee was entitled to recover interest on these two amounts from March 25, 1958, at the rate of six per cent per annum. We think that the awarding of interest of six per cent per annum on the item of interest of $129.88 is fundamental error apparent on the record, and that the judgment must be reformed to correct this error. As to what constitutes fundamental error apparent on the record see I. C. T. Ins. Co. v. Gunn, Tex.Civ.App., 294 S.W.2d 435, point 10, at page 444, n. r. e., and cases there cited.

■■ Accordingly, the judgment of the trial court is reformed so that plaintiff, J.

550

A. Miller, shall have and recover of and from L. L. McDaniel, defendant, the sum of $523.50, with six per cent per annum interest thereon from January 15, 1954. It is true that appellant does not complain of this error, but we think that it is so fundamental and so apparent on the face of the record that it is our duty to reform the judgment in this manner. All costs are adjudged against appellant.

It is our view that none of appellant's points present reversible error and each is overruled. We have likewise considered appellant's cross points and we are of the view that they do not present error and each is overruled.

Accordingly, the judgment of the trial court is reformed, as stated, and, as reformed, is in all respects affirmed.

Reformed and affirmed.

HALE, J., not participating.