BROOKLYN UNION GAS COMPANY, Consolidated Edison of New York, Inc., Elizabethtown Consolidated Gas Company, Long Island Lighting Company, Philadelphia Electric Company, Public Service Electric & Gas Company, South Jersey Gas Company, Piedmont Natural Gas Co., the United Gas Improvement Company, Public Service Co. of North Carolina, Inc., Delaware Power & Light Co., Plaintiffs,

v.

TRANSCONTINENTAL GAS PIPE LINE CORPORATION, Socony Mobil Oil Company, Inc., the Ohio Oil Company, Defendants.

Civ. A. Nos. 12474, 12482.

United States District Court
S. D. Texas,
Houston Division.

Nov. 23, 1960.

Andrews, Kurth, Campbell & Jones, W. M. Streetman, F. L. Andrews, Alfred H. Ebert, Jr. and Lewis T. Sweet, Jr., Houston, Tex., for plaintiffs.

Fulbright, Crooker, Freeman, Bates & Jaworski, Austin C. Wilson and Richard L. McGraw, Houston, Tex., for defendant Transcontinental Gas Pipe Line Corp.

Vinson, Elkins, Weems & Searles, Thomas Fletcher, J. D. McDaniel and J. W. McCartney, Houston, Tex., for defendant Socony Mobil Oil Co., Inc.

Clayton L. Orn and Robert M. Vaughan, Findlay, Ohio, James D. Parriott, Washington, D. C., Warren B. Leach, Jr., J. O. Terrell Couch and W. Hume Everett, Houston, Tex., for defendant Ohio Oil Co.

INGRAHAM, District Judge.

In opinion filed June 29, 1960, 201 F. Supp. 673, plaintiffs, distributors of natural gas, were given restitution of monies paid by Transcontinental Gas Pipe Line Corporation (Transco) to its codefendants, Socony Mobil Oil Company, Inc. (Mobil) and The Ohio Oil Company

(Ohio), through increases in price for natural gas sold and delivered to Transco. Defendant and cross-plaintiff Transco's fourth motion for summary judgment and alternative motion for severance is before the court. This motion deals with Transco's right to recover from Mobil and Ohio, for the use and benefit of its customers other than plaintiffs, the sum of $56,120.41, together with interest thereon. This amount represents the difference between the sum of $937,793.32 which plaintiffs will recover from Mobil and Ohio under the rulings of this court and the total of $993,913.73 paid by Transco to Mobil and Ohio from February 1, 1955, to February 1, 1957, in excess of contract prices in effect on June 7, 1954. Names of these customers (other than plaintiffs) and amounts payable to each are found in the affidavit attached to this fourth motion.

■ Transco's alternative motion for severance will be denied. The subject matter of the so-called fourth motion has already been submitted to the court. This motion should be disposed of and not tried piecemeal. The claims asserted by plaintiffs and the claim sought to be asserted by Transco on behalf of its other utility customers arise out of the same factual circumstances. Should Mobil and Ohio appeal, the whole matter should be taken up. Fed.Rules Civ.Proc. 54(b), 28 U.S.C.A., will not be used here.

Mobil's and Ohio's answers to the fourth motion of Transco urge two grounds for denial: (1) lack of jurisdiction in that no diversity, requisite amounts, or federal questions are shown; and (2) unresolved factual issues bar summary judgment. The court is however of opinion that jurisdiction is present and that no factual issues remain. Transco's fourth motion for summary judgment will be granted. These two supposed impediments will be disposed of separately.

■ Much is said at page two of Mobil's answer about lack of diversity and amounts involved. Mobil's briefs in support of its motion for summary judg-ment make the same argument. This court necessarily rejected these contentions by overruling Mobil's motions for summary judgment in their entirety. Further, Transco's motion is a cross-claim within Fed.Rules Civ.Proc. 13(g). As such it is ancillary to the related, principal claim. No independent jurisdictional basis need be laid for a cross-claim. 3 Moore's Federal Practice, Sec. 13.36 (2d Ed. 1948). Our circuit court so held in Childress v. Cook, 245 F.2d 798, 802–805 (5th Cir. 1957).

Mobil and Ohio argue that certain factual issues are yet unsettled. These are said to prevent summary judgment. These issues summarized are what amounts, if any, of the gas sold to Transco was resold to these customers of Transco, not named as plaintiffs, and what amounts of money, if any, may be recovered by each customer from Mobil and Ohio. Mobil and Ohio do not contest the amount of gas delivered to Transco nor the charges therefor. These issues are irrelevant for the reasons suggested in the opinion of June 29, 1960, D.C., 201 F.Supp. 673. They are disposed of at page 677 thereof. The court remains of the view announced at page 677 of the June opinion, " * * * there is no genuine issue as to any material fact * * *."

It necessarily follows from my rejection of severance of Transco's fourth motion that the form of judgment tendered by plaintiffs will not suffice. That form does not reflect this disposition of the fourth motion. The final judgment to be entered herein must include today's granting of Transco's motion. Mobil and Ohio level other criticisms at plaintiffs' proposed judgment. These will now be considered.

■ Plaintiffs have tendered a form of judgment which would permit recovery from Mobil of $643,363.30 and from Ohio the sum of $544,744.86. The figures recoverable as the excess over the rates of June 7, 1954, were respectively $508,-384.56 and $429,408.76. Thus, plaintiffs have tendered a judgment which will permit them recovery of $250,314.84 in ex-

cess of the principal amount allowed by the opinion of June 29, 1960. This difference constitutes interest for the withholding of such sums from the dates on which such sums were received from Transco by Mobil and Ohio. At page three of plaintiffs' motions for summary judgment such interest was requested. This court so noted at page seven of the June opinion. Mobil and Ohio state that this opinion did not allow such interest, and hence plaintiffs' proposed judgment is excessive by this interest amount. In any event Mobil and Ohio strenuously object to allowance of interest on the principal. Briefs have been submitted which purport to show the impropriety of interest on a restitutory award.

While the matter received no explicit treatment in the opinion of June 29, 1960, an award of interest may be implied from the granting of plaintiffs' first motion for summary judgment against Mobil and Ohio at page eleven therein. That motion included a request for interest. The issue deserves a fuller treatment. I conclude that such interest should be allowed. The governing principle is well stated in Restatement, Restitution, Sec. 156 (1937):

> " * * * A person who who has a duty to pay the value of a benefit which he has received, is also under a duty to pay interest upon such value from the time he committed a breach of duty in failing to make restitution if, and only if: * * * (b) the value of the benefit can be ascertained by mathematical calculation from the terms of an agreement between the parties or by established market prices * * *."

The comment to this section at page 620 notes the obligation to pay interest from the time when the money should have been paid. Our court of appeals cited the Restatement in an analogous case to support a similar award of interest. Natural Gas Pipeline Co. of America v. Harrington, 246 F.2d 915, 921 (5th Cir. 1957). This case is determinative of plaintiffs' right to recover interest on the excess payments, at least from February 1, 1957, the date of dissolution of the stay order. Natural Gas paid an increased price pursuant to an Oklahoma minimum price order. That order was invalidated by the United States Supreme Court; Natural Gas sued for recovery of excess payments. The court of appeals held that interest should accrue from the date the minimum price order was invalidated.

Okeechobee County, Fla. v. Nuveen, 145 F.2d 684, 687 (5th Cir. 1944), indicates the district courts are vested with considerable discretion in the awarding of interest damages upon restitutory sums. Considerations of fairness and traditional equitable principles are to guide the exercise of this discretion. Allowance of interest seems best to accord with these guide-lines in this instance. The cases cited by Mobil and Ohio have been considered. They too stress this discretionary role. This interest is allowed as a means of compensating plaintiffs' loss of use of their monies.

Additional interest difficulties remain. Plaintiffs and defendants are not in accord on the period for commencement of this interest. Plaintiffs say interest should run from the date the respective monthly payments were made by Transco to Mobil and Ohio. They have so computed interest in their form of judgment. Mobil and Ohio argue that such starting points are not consonant with the court's memorandum in June. They conclude from that opinion, especially page 676, that they were entitled to collect, during the stay period, the contractual increases. Under the court's rationale, they declare, there could be no duty of restitution during that period. They cite page 678 of the opinion as indicating the cause of action in restitution arose on February 1, 1957. Necessarily, the court is told, no interest can be claimed before that date, for no duty of restitution existed prior thereto.

Defendants' argument has considerable logical appeal. Yet, Mobil and Ohio have had the use of this money from the date of its receipt. Similarly, plaintiffs have been deprived of the use of such funds

from the time these increased rates were reflected in Transco's charges to them. Equitable considerations compel the conclusion that interest should commence from the respective dates of Transco's overpayments to the defendants. Plaintiffs' motion for judgment so provides. Mississippi River Fuel Corp. v. Federal Power Commission, 281 F.2d 919 (D.C. Cir.1960), supports this conclusion. The ruling of the Federal Power Commission in a similar interest question is therein approved. The Commission ordered " * * * interest at the rate of 6 per cent per annum from the date of receipt of such excess amounts to the date of refund." 21 F.P.C. 48, 53. Language in Natural Gas Pipeline Company of America v. Harrington, supra, buttresses this result. The factual situation of this case has been referred to, supra. The court of appeals granted interest from the date the minimum price order was held invalid. Interest before that date was declined because the recipient of increased prices had not received them due to its fault or volition. Here, however, as noted at page eighteen of my prior opinion, Mobil and Ohio actively sought and obtained the stay order. The excess charges were not of the windfall variety present in Harrington. They came to Mobil and Ohio due to their own volition. They should pay interest on the funds withheld from the time of their receipt, not just from February 1, 1957.

There remains one other question with regard to interest. Plaintiffs have accrued interest prior to the rendition of the judgment and included such interest in the principal sum as interest damages. Then they provide in their tendered judgment that the amounts set forth in the judgment shall bear interest at the rate of 6% per annum. Defendants claim plaintiffs have thus figured the interest contrary to the rule that compound interest is not allowed in the absence of a contract providing therefor. Cherokee Nation v. United States, 270 U.S. 476, 46 S.Ct. 428, 70 L.Ed. 694 (1926), is said to be contrary. The Texas rule allegedly prevents this. Mc-

Daniel v. Miller, 317 S.W.2d 546, 549 (Tex.Civ.App.1958), is cited. The court therein held it to be improper to include interest as a part of the principal sum of the judgment and then allow the judgment to draw interest at the rate of 6% per annum. Plaintiffs' answer to Ohio's reply to its motion for judgment at pages six and seven admits McDaniel is contrary to their view. They cite earlier cases from Texas as presenting a different view; McDaniel is "wrong", plaintiffs declare. It is clear that this is a matter to be determined by state law. T. & M. Transport Co. v. S. W. Shattuck Chemical Co., 158 F.2d 909 (10th Cir., 1947); Herd & Co. v. Krawill Machinery Corp., 256 F.2d 946 (4th Cir. 1958), aff'd 359 U.S. 297, 79 S.Ct. 766, 3 L.Ed.2d 820 (1959).

The Texas cases are rather confusing on this matter. On the one hand, as indicated supra, McDaniel denies interest on that portion of the judgment which constitutes interest on the principal. Plaintiffs cite five earlier cases which they say are contrary to McDaniel. None of these five are cited in McDaniel; indeed, the Texas Court of Civil Appeals cited no authority for its holding therein. Frazier v. Campbell, 5 Tex. 275 (1849), is said by plaintiffs to first establish the law in Texas on this issue. It is true that the Supreme Court of Texas allowed interest on a judgment containing interest; the case, however, may be distinguishable in that the instrument sued upon specified what interest the principal was to bear. In this case the interest granted herein on the principal was not consensual in origin but judicially allowed. Miner v. Paris Exchange Bank, 53 Tex. 559 (1880), alludes to Frazier, supra, but it is inapposite, for it concerns usury, not interest on judgments. The remaining cases cited by plaintiffs allowed interest on that portion of the judgment which constituted interest. On first reading they seem to conflict with McDaniel. All however involve consensual or contractual interest on a principal. Like Frazier, they concern instruments carrying in their provisions interest.

McDaniel is more analogous to the present situation, for it dealt with a judgment for judicially-imposed interest. McDaniel must guide my decision. Hence, interest will be granted only on that portion of the judgment which constitutes principal and not interest.

■ Mobil and Ohio have further objections to the tendered form of judgment. The first paragraph following the figures on page three of the proposed judgment grants judgment against plaintiffs and in favor of Transco on plaintiffs' suit against Transco, but awards court costs thereon to Transco against Mobil and Ohio. As to that such costs should be taxed against plaintiffs. Mobil properly objects to being taxed for plaintiffs' failure in that respect.

■ Said judgment as drawn constitutes a taxation of costs jointly against Mobil and Ohio. The causes of action against the two were different. The only common fact was that both sold gas to Transco. No basis appears for joint taxation of costs against Mobil and Ohio. Hence, costs will be taxed separately against Ohio and Mobil. The costs of the fourth motion of Transco will be taxed separately against Ohio and Mobil.

A notice of appeal was included in the form of judgment. Mobil and Ohio object thereto, preferring to give their own. The notice of appeal will be deleted from the proposed judgment.

I now summarize the conclusions arrived at herein. Transco's alternative motion for severance will be denied, while its fourth motion for summary judgment will be granted. Interest on the principal sum involved in said fourth motion may accrue from the time of the respective overpayments by Transco to Mobil and Ohio. The form of judgment next tendered must reflect this disposition of the fourth motion. Plaintiffs' proposed form of judgment properly contains interest on the principal computed from a series of beginning dates arising prior to February 1, 1957. Interest on the judgment itself may be computed only on that portion of the

judgment which constitutes principal. For example, plaintiffs' interest figure of $250,314.84 may not itself bear interest. Costs will be taxed separately against Mobil and Ohio. Plaintiffs will bear the costs of their failure to obtain judgment against Transco. No notice of appeal will be included.

The clerk will notify counsel to draft and submit appropriate judgment.