**LANPAR COMPANY, Appellant,**

v.

**Lela M. STANFIELD, Appellee.**

**No. 17378.**

Court of Civil Appeals of Texas, Dallas.

Jan. 23, 1970.

Wm. Andress, Jr., Andress, Woodgate & Hartt, Dallas, for appellant.

Allen Joe Fish, McKenzie & Baer, Dallas, for appellee.

BATEMAN, Justice.

The appellant Lanpar Company, a corporation, was the defendant in the trial court and appeals from a summary judgment rendered against it for the amount alleged to be due on a certain debenture.

By its first point of error on appeal appellant points to the absence of any summary judgment evidence of ownership of the debenture by appellee. Appellant's general denial put such ownership in issue. Alexander v. Houston Oil Field Material Co., 386 S.W.2d 540, 543 (Tex.Civ.App., Tyler 1965, writ ref'd n. r. e.).

Appellee replies that her attorney's affidavit attached to her motion for summary judgment, is sufficient to show ownership. Attached to a copy of the debenture was an affidavit of appellee's attorney as follows:

"BEFORE ME, Kathleen Lamont, a Notary Public in and for Dallas County, Texas, on this day personally appeared Allen Joe Fish, who, being by me duly sworn, upon oath says that the claim alleged in the petition in favor of Lela M. Stanfield and against Lanpar Company, evidenced by a true and accurate copy of the debenture certificate, attached hereto as Exhibit 'A', is within the knowledge of said affiant, just and true, that same is due, and that all just and lawful offsets, payments and credits have been allowed."

This affidavit is no proof of appellee's ownership. It is signed by one attorney for appellee and the petition is signed by another; it does not even recite that the affiant has read the petition or is familiar with its contents; and it does not set forth facts which would be admissible in evidence, but contains only conclusions of law.

Rule 166–A(e), Vernon's Texas Rules of Civil Procedure; Duffard v. City of Corpus Christi, 332 S.W.2d 447 (Tex.Civ.App., San Antonio 1960, no writ); Sparkman v. McWhirter, 263 S.W.2d 832, 838 (Tex.Civ.App., Dallas 1953, writ ref'd). Accordingly, appellant's first point of error is sustained.

In its second and fourth points of error appellant asserts that since the debenture sued on provided for accelerated maturity on default, its plea of the bar of limitation raised a fact issue precluding summary judgment. The debenture is in the principal sum of $5,500, payable in five equal annual installments of $1,100 each due on November 1st of each year commencing November 1, 1960. It provides that upon default the holders of at least 25 per cent of the debentures then outstanding, by notice in writing to the Company, may accelerate the maturity of all the outstanding debentures. The first installment was paid. Thus, if the acceleration was effected more than four years prior to the filing of the suit on July 14, 1967 all four of the unpaid installments would be barred; otherwise, only those due November 1, 1961 and November 1, 1962 would be barred. Appellant pled the applicable four year statute of limitation, Vernon's Ann.Civ.St. Art. 5527, under which limitation would begin to run as to each installment from its maturity. Pollack v. Pollack, 39 S.W.2d 853, 855 (Tex. Com.App.1931, holding approved). If such maturity was changed by declaration of acceleration pursuant to the terms of the debenture, limitation would of course begin to run from the new maturity date.

There was no showing that such a declaration of accelerated maturity had or had not been made. Appellant having pled that all four of the unpaid installments were barred, the burden was on appellee, as movant for summary judgment, to show that there was no fact issue in this respect; i. e., that there had been no acceleration of the maturity. Not having carried that burden, she was not entitled to the summary judgment. Gulbenkian v. Penn, 151 Tex.

412, 252 S.W.2d 929 (1952); Great Amer. R. Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41 (Tex.1965). Appellant's second and fourth points of error are sustained.

The trial court included in its judgment an attorney's fee of $638.61, and appellant in its third point of error complains of this on the ground that the amount of the fee was a fact question, precluding summary judgment. The debenture provides that in the event it is collected by legal proceedings or placed in the hands of an attorney for collection the issuer shall be liable to the holder for "any reasonable attorney's fees or other costs incurred by the holder hereof in such connection." No summary judgment evidence was proffered as to the reasonableness of the attorney's fee, and the record is silent as to how the amount thereof was computed.

Appellant's third point of error is sustained on the authority of Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155, 160, 161 (1945); Himes v. American Home Fence Co., 379 S.W.2d 290 (Tex.1964); and Great American Reserve Ins. Co. v. Britton, 406 S.W.2d 901, 907 (Tex.1966).

The judgment recites that the appellee is entitled to recover the principal of $4,400 "and accrued interest at the rate of four and one-half (4½%) percent compounded annually since November 1, 1960," amounting to $1,986.13, and in appellant's fifth point of error it complains of the awarding of compound interest because the debenture provides only for simple interest. The debenture sued on provides for payment of the principal in installments as aforesaid, and also obligates the issuer to "pay interest on said principal sum * * * at the rate of four and one-half per cent (4½%) per annum from the date hereof, annually, * * *. Interest on any overdue * * * installment of interest shall be paid at the rate of four and one-half per cent (4½%) per annum * * *."

We interpret this language to mean that if any annual installment of interest is not paid at maturity it shall itself bear interest

at the same rate. As appellant says in its brief, this is simple interest, plus simple interest on the delinquent interest.

Appellant's real complaint under this point is apparently against the action of the trial court in including in its judgment the provision for interest at six per cent per annum on the aggregate amount of the judgment. Appellant says this is improper, citing McDaniel v. Miller, 317 S.W.2d 546 (Tex.Civ.App., Waco 1958, no writ), which was followed in Brooklyn Union Gas Co. v. Transcontinental Gas Pipe Line Corp., 201 F.Supp. 679 (D.C.1960), affirmed in Socony Mobil Oil Co. v. Brooklyn Union Gas Co., 299 F.2d 692, 696 (U.S.C.A. 5th Cir. 1962; Cert. den., 371 U.S. 887, 83 S.Ct. 182, 9 L.Ed.2d 121). However, we are not persuaded that these cases state the correct rule of law in this respect. Even though a judgment for a certain number of dollars may include principal debt, interest, attorney's fees, and in some cases statutory penalties, the whole will nevertheless bear interest at the rate of six per cent per annum on the full amount from and after the date of judgment (except in a certain situation not present here). Article 5069–1.05, V.A.C.S.; Ligon v. E. F. Hutton & Co., 428 S.W.2d 434 (Tex.Civ.App., Dallas 1968, writ ref'd n. r. e.); Manes v. J. I. Case Threshing Mach. Co., 295 S.W. 281, 283 (Tex.Civ.App., Eastland 1927, writ ref'd); Carver v. J. S. Mayfield Lumber Co., 29 Tex.Civ.App. 434, 68 S.W. 711 (San Antonio 1902, writ ref'd); American Nat. Ins. Co. v. Ellington, 97 S.W.2d 983 (Tex. Civ.App., Dallas 1936, no writ). The fifth point of error is overruled.

Appellant's sixth point of error is a conglomeration of the previous five. All of the questions raised have already been discussed and passed upon, and there is therefore no necessity to pass upon this point.

The judgment is reversed and the case remanded for a new trial.

Reversed and remanded.