**SID RICHARDSON CARBON & GASO-LINE CO., Plaintiff-Appellee-Cross Appellant,**

v.

**PHILLIPS PETROLEUM COMPANY, Defendant-Appellant-Cross Appellee.**

**No. 71–2984.**

United States Court of Appeals, Fifth Circuit.

Feb. 28, 1972.

Rehearing Denied March 17, 1972.

E. H. Brown, Houston, Tex., Kenneth Heady, Bartlesville, Okl., for defendant-appellant.

Cecil E. Munn, Cantey, Hanger, Gooch, Cravens & Munn, Fort Worth, Tex., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

This is a diversity case involving the meaning of a contract. The specific issue relates to the price to be paid by Richardson to Phillips for residue gas. The contract provides for a price "equal to the price . . . which Phillips receives . . . for gas sold to El Paso Natural Gas Company . . ." from Phillips' Goldsmith Plant. The El Paso price was to be adjusted to reflect refund orders of the Federal Power Commission. The same paragraph of the contract goes on to provide:

" . . . In the event Phillips shall at any time be required to refund to El Paso any portion of the price previously received by Phillips, then the 'base price' hereunder shall be adjusted retroactively to equal the price or prices retained by Phillips after refund to El Paso, such retroactive adjustment to cover all of the period covered by such refund to El Paso."

Phillips made refunds to El Paso under Federal Power Commission orders together with interest. Phillips offered refunds of principal to Richardson on the same basis but refused to pay interest on the principal amounts in the manner and to the extent paid to El Paso.

This litigation was then commenced. Richardson claimed that it was due interest by Phillips so as to place it in parity with El Paso under the contractual price provision. The district court entered judgment for Richardson, holding Phillips liable for interest on the principal sums paid to Phillips by Richardson from the respective dates of payment up to the date January 31, 1969, the date of the conclusive Federal Power Commission order.

We agree with the result reached by the district court up to this point and therefore affirm on the main appeal.

By way of cross-appeal, Richardson complains of the failure of the district court to award interest on the sum found due as of January 31, 1969 from that date up to the date of the judgment. Phillips contends that the Texas

law prohibits the award of interest on interest.

We think Phillips misses the mark on this argument. The sum found due is technically interest. In substance however, it is a part of the sum necessary under the holding of the district court to place Richardson in parity with El Paso under the contract. Once that sum was determined, it became a part of the whole. Interest was due on so much of the whole as remained unpaid after January 31, 1969. Cf. the discussion of the allowance of interest in Brooklyn Union Gas Company v. Transcontinental Gas Pipe Line Corporation, S.D.Tex.1960, 201 F.Supp. 679, affirmed, sub nom. Socony Mobil Oil Company v. Brooklyn Union Gas Company, 5 Cir., 1962, 299 F.2d 692. Here the principal and interest were due under the contract as of January 31, 1969. Richardson was due interest to the extent that its monies were withheld by Phillips after that date.

Affirmed on the main appeal; vacated and remanded for the allowance of interest up to the date of judgment on the cross-appeal.