William H. HATCHER and William C. Hatcher, Appellants,

v.

Joe WEATHERALL and Frances Weatherall, Appellees.

No. 8421.

Court of Civil Appeals of Texas, Texarkana.

May 17, 1977.

Linda S. Aland, Strother, Davis, Stanton & Levy, Dallas, for appellants.

Kenneth Vaughan, Garland, for appellees.

RAY, Justice.

This is a suit on a note. Joe Weatherall and wife, Frances Weatherall, appellees (plaintiffs), brought suit against William H. Hatcher and William C. Hatcher, appellants (defendants), to recover the balance due on one installment promissory note in the principal sum of $10,000.00. It was alleged by appellees that this particular note was part of the consideration to be paid by appellants for the purchase of Garland Dairy Queen No. 1. Trial was to a jury resulting in a verdict favorable to appellees. Judgment was entered by the trial court for appellees in the sum of $6,468.12. Appellants have perfected their appeal and submit five points of error for our consideration.

William H. Hatcher and William C. Hatcher, father and son, entered into a sales contract with the Weatheralls to purchase the Garland Dairy Queen. The consideration specified in the contract is as follows:

"1. That WEATHERALL for and in consideration of the sum of FIFTEEN THOUSAND AND NO/100 DOLLARS ($15,000.00) does hereby bargain, sell, transfer, assign, set over and deliver unto HATCHER all of their right, title and interest in and to all of the assets, good will, income and other property of every kind and nature whatsoever located in the premises known as 'Garland Dairy Queen No. 1,' 501 S. Garland Avenue, Garland, Texas, including but not limited to those items attached hereto marked Exhibit 'A' and made a part hereof as if copied fully herein.

2. That the aforementioned sum of FIFTEEN THOUSAND AND NO/100 DOLLARS ($15,000.00) shall be paid by HATCHER to WEATHERALL as follows:

a. Five Thousand and No/100 dollars ($5,000.00) Cash.

b. The assumption and agreement to pay one certain promissory note dated January 1, 1969, payable to the order of BILLY D. CREEL made by JOE WEATHERALL and FRANCES WEATHERALL in the original principal amount of $10,553.99, which note is payable in equal monthly installments of $250.00 each and bearing interest at the rate of four percent (4%) per annum, interest payable annually as it accrues, each payment due on the 1st of each and every month, which note has a principal balance of $4,729.62 as of March 12, 1971.

c. The making and delivery by HATCHER to WEATHERALL of one Installment Note in the amount of $10,000.00 bearing interest at the rate

of five percent (5%) per annum amortized over the period of the note and payable in equal monthly payments of $260.04 each for forty-two (42) months, each payment due on the 15th day of each and every month, the first such payment beginning on the 15th day of May, 1971, and payable each and every month thereafter until the principal and interest on said note has been paid in full."

On April 15, 1971, the day after the contract was executed, the Hatchers took the first step towards compliance by delivering a check for $5,000.00 to the Weatheralls in accordance with Section 2a of the contract. Pursuant to Section 2c of the contract an installment note for $10,000.00 was executed. Subsequently payments were made on both the installment note and the Creel Note referred to in Section 2b of the contract. The Hatchers paid out a sum of $4,888.03 to extinguish the Creel Note. Appellants made some twenty-two payments of $260.04 on the installment note, but refused to tender any further payments. Thereafter, the Weatheralls brought suit for the balance due on the $10,000.00 installment note.

The Hatchers defended claiming their obligations under the installment note and the sales contract had been satisfied in full. The Hatchers urged that they contracted to pay only $15,000.00 for the Dairy Queen and that this sum had been surpassed by the total of their $5,000.00 down payment, $4,888.03 payment on the Creel Note, and installment payments on the $10,000.00 note. The Hatchers filed a cross-action for the recovery of amounts paid in excess of $15,000.00. Alternatively, the Hatchers urged that ambiguity in the contract of sale is the result of a mutual mistake which should be resolved in their favor.

The following special issues were submitted to the jury:

"SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that on the 14th day of April, 1971, the defendants, William H. Hatcher and William C. Hatcher, agreed to pay the plaintiffs, Joe Weatherall and Frances Weatherall, for the purchase of the Dairy Queen in question:

a. The sum of $5,000.00 cash

b. The assumption and agreement to pay one certain note dated January 1, 1969 payable to the order of Billy D. Creel with a principal balance of $4729.62

c. One installment note in the sum of $10,000.00 bearing 5% interest payment beginning on the 15th day of May, 1969

Let the form of your answer be 'They did agree' or 'They did not agree.'

Answer: __They did agree__

"SPECIAL ISSUE NO. 2

What sum of money, if any, do you find from a preponderance of the evidence that the defendant Hatcher has paid to Weatherall on the $10,000.00 note dated April 14, 1971?

Answer in dollars and cents, if any.

Answer: __$5720.88"__

In arriving at the judgment to be entered, the trial court determined the amount still owed on the note to be $4,979.65, plus interest in the amount of $1,488.47 from the date of default to the date of judgment, a total of $6,468.12. It was then ordered that this amount should bear interest at the rate of 10% per annum from the date of judgment.

■ Appellants' first point of error complained of a clerical error contained in Special Issue No. 1. The installment note for the sum of $10,000.00 was incorrectly identified in the special issue as having been executed "on the 15th day of May, 1969," rather than on the 15th day of May, 1971. Appellants correctly assert there is no evidence that any such note was executed in 1969. The appellants did not, however, complain of this error in their motion for new trial nor was there an exception to the court's charge. A ground of error not distinctly set forth in the motion for new trial in cases where a motion for new trial is required, shall be considered as waived. Tex.R.Civ.P. 374; *Wagner v. Foster*, 161 Tex. 333, 341 S.W.2d 887 (1960). The appel-

lants' first point of error was not properly preserved and is therefore considered waived.

Appellants' second and third points of error complain that the finding of the jury in response to Special Issue No. 1 is contrary to the evidence because "the evidence conclusively showed that appellants agreed to pay a total consideration of only $15,000.00 in connection with the agreement of April 14, 1971," and not to pay the total of the items enumerated in the contract in excess of $15,000.00.

Appellants testified, as did an employee and relative of the appellants, that the Weatheralls were asking $15,000.00 for the property. The sales contract twice states the consideration to be paid as $15,000.00, but the contract also states that such amount will be paid by a cash down payment of $5,000.00 and installment note of $10,000.00 and the assumption of a promissory note having a balance of $4,729.62. It is manifest from the face of the contract that the sum of the parts exceeds the whole by the amount to be paid on assumption of the Creel Note. The jury found that the appellants had indeed agreed to fulfill each of the three specific obligations.

■ It was the duty of the trial court to construe the contract and if possible, to harmonize apparently ʼcontradictory portions of instruments so that the contract as a whole could be given effect. 13 Tex. Jur.2d, Contracts, Sec. 142; 17A C.J.S. Contracts § 617; *Hennigan v. Chargers Football Co.*, 431 F.2d 308, 314–315 (5th Cir. 1970); *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518–519 (Tex.1968).

■ The general rule is that special provisions in a contract control general provisions which relate to the same thing. 17 Am.Jur.2d, Contracts, Sec. 270. The appellants' commitments to perform three specific obligations are, under the facts of this case, held to control the contract rather than the general obligations.

Appellants have not established as a matter of law that they only agreed to pay a total consideration of $15,000.00 in connection with the agreement of April 14, 1971. The total consideration to be paid was a fact issue which the court properly submitted to the jury. The jury determined that appellants had agreed to pay $15,000.00 plus the Creel Note. The evidence supports the jury's verdict. Appellants' points of error two and three are overruled.

■ In point of error number four appellants state that the trial court entered an incorrect amount as the balance of the principal due on the $10,000.00 note because there is no evidence to support the recovery of $4,979.65. Appellee, Joe Weatherall, testified that appellants had made twenty-two payments of $260.04 each on the note. Mathematical calculation of the balance due after twenty-two payments reveals that the trial court entered the proper amount. Appellants' fourth point of error is overruled.

Appellants' fifth point of error complains of the action of the trial court in ordering that interest accrue at the rate of 10% per annum from the date of judgment on damages awarded because the award itself included interest. The appellants contend that an award of compound interest is fundamental error.

The area of law concerning interest on interest in judgments has repeatedly been categorized as unclear. The genesis of the problem appears to be *McDaniel v. Miller*, 317 S.W.2d 546 (Tex.Civ.App. Waco 1958, no writ). There, without citation of authorities, an award of interest on an item of interest obtained through judgment was held to constitute fundamental error. This holding was followed in *Socony Mobil Oil Company v. Brooklyn Union Gas Company*, 299 F.2d 692 (5th Cir. 1962), and in *Gasperson v. Madill National Bank*, 455 S.W.2d 381 (Tex.Civ.App. Fort Worth 1970, writ ref'd n. r. e.).

The weight of authority appears to be contrary to *McDaniel v. Miller*, supra. A judgment for principal and interest may bear interest. 33 Tex.Jur.2d, Interest, Sec. 10. *McDaniel* was specifically rejected in *Ligon v. E. F. Hutton & Company*, 428

S.W.2d 434 (Tex.Civ.App. Dallas 1968, writ ref'd n. r. e.), and in *Lanpar Company v. Stanfield*, 451 S.W.2d 254 (Tex.Civ.App. Dallas 1970, no writ).

The Texas appellate courts have long approved the usual practice of our trial courts rendering judgment for the principal and interest then due and having this new combined amount bear interest from the date of judgment. *Miner v. Paris Exchange Bank*, 53 Tex. 559 (1880); *International & G. N. R. Co. v. Dimmitt County Pasture Co.*, 5 Tex.Civ.App. 186, 23 S.W. 754, 756 (1893, no writ). There appears to have never been any requirement that the judgment provide separately that the amount attributable to principal would draw interest while the accumulated interest on the principal would not draw interest. *Frazier v. Campbell*, 5 Tex. 275 (1849). No such requirement has been imposed by statute. Judgments bear interest from the date of judgment without reference to their composite parts. Tex.Rev.Civ.Stat.Ann. art. 5069–1.05 (Supp.1976).

Logically, there appears to be no good reason why a judgment containing principal and interest should not draw interest on the combined amount. When a delinquent note is reduced to judgment, the debtor is ordinarily found to owe the principal which he borrowed plus the interest for the use of the money so borrowed which is the total amount owed to the lender. It is the enlarged debt of the debtor. Thereafter, the delinquent note bears no further interest once the judgment has been obtained. The lender may still be without the use of his principal if the judgment is not immediately paid, and therefore the lender is entitled to interest on the judgment which includes the principal and interest owed by the debtor before judgment. This seems only right since, if the debtor had paid the principal and interest on the debt when due, the lender would have had that combined amount to lend to someone else so that he could have drawn new interest on the combined principal and interest paid by the debtor. There is no good reason for the lender to be penalized when he has to go to court to get a judgment on a delinquent note. We therefore hold that the appellees are entitled to interest on their judgment which included both principal and interest. Appellants' fifth point of error is overruled.

The judgment of the trial court is affirmed.