**Charles McLERAN et al., Plaintiffs,**

v.

**EL PASO NATURAL GAS COMPANY, Defendant.**

**Civ. A. No. 72 H 875.**

United States District Court,
S. D. Texas,
Houston Division.

Nov. 27, 1972.

William M. Bennett, San Rafael, Cal., Quinnan Hodges, Houston, Tex., for plaintiffs.

Williams, Connolly & Califano, Paul R. Connolly, Washington, D. C., Andrews, Kurth, Campbell & Jones, A. H. Ebert, Jr., Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

SEALS, District Judge.

This is an action on behalf of the Plaintiffs and the class they seek to represent brought under section 4 of the Clayton Act, 15 U.S.C. § 15, seeking damages for violation of sections 1 and 2 of the Sherman Act and section 7 of the Clayton Act, 15 U.S.C. §§ 1, 2 and 18.

The Plaintiffs are several individual residents of the State of California who are consumers of natural gas used in their homes. The Defendant, a Delaware corporation, is a producer and supplier of natural gas in the western United States. While the Defendant does not operate directly in California, it delivers natural gas to several California gas companies who in turn resell the gas to domestic users such as the Plaintiffs. The Defendant operates under certificates of public convenience and necessity issued by the Federal Power Commission, 15 U.S.C. § 717 et seq.

The Defendant has answered and filed a motion for summary judgment under Rule 56(b), F.R.Civ.P. The motion is based on three grounds: (1) that the Plaintiffs have failed to state a claim under the antitrust laws as the setting of rates is within the exclusive jurisdiction of the Federal Power Commission and the rates charged were lawful and reasonable; (2) that the Plaintiffs lack standing to maintain a private antitrust claim since any injury which they suffered was "incidental" and not within the scope of protection afforded by the antitrust laws; (3) that the dispute has been resolved under the principle of accord and satisfaction through rate settlements with and approved by the Fed-

eral Power Commission and the California Public Utility Commission. The first ground presents a question of law only, and there is no dispute as to the relevant facts.

This case (originally filed in Nevada) grows out of the protracted litigation surrounding El Paso's 1957 acquisition of Pacific Northwest Pipeline Corporation, and the 1959 merger of Pacific Northwest into El Paso pursuant to a decision of the Federal Power Commission, 22 FPC 1091. The Department of Justice challenged the initial stock acquisition in the Utah federal court, but this antitrust case was stayed pending the outcome of the FPC proceeding. In California v. F.P.C., 369 U.S. 482, 82 S.Ct. 901, 8 L.Ed.2d 54 (1962), the Supreme Court held that the FPC was without jurisdiction to approve the asset acquisition since the federal district court in Utah had preemptive jurisdiction by virtue of the antitrust case. In the antitrust case the Supreme Court held that El Paso's acquisition violated § 7 of the Clayton Act, 15 U.S.C. § 18. United States v. El Paso Natural Gas Co., 376 U.S. 651, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964). The Supreme Court has rejected two plans of divestiture. Cascade Natural Gas Co. v. El Paso Natural Gas Co., 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967), and Utah Public Service Commission v. El Paso Natural Gas Co., 395 U.S. 464, 89 S.Ct. 1860, 23 L.Ed.2d 474 (1969).

By this lawsuit the Plaintiffs seek to recover damages, for themselves and the class of California consumers they purport to represent, for the excessive gas rates allegedly caused by the unlawful monopoly position El Paso held after it acquired Pacific Northwest. Plaintiffs' Complaint ¶18. The Defendant asserts that, the rates charged for the gas supplied to its customers were lawful, notwithstanding the Supreme Court's decision that the Pacific Northwest acquisition violated the Clayton Act.

■ The question posed is whether the rates charged by El Paso to its customers for natural gas supplied during the time El Paso held its unlawful market position are susceptible to an antitrust suit by private domestic consumers, or whether those rates are within the exclusive jurisdiction of the Federal Power Commission and therefore lawful. This Court accepts the latter proposition and for the reasons set forth holds that the FPC has exclusive jurisdiction to determine the rates which a natural gas supplier may charge its customers of natural gas destined for resale; and, that a rate within the limits set by the FPC may not be challenged in an antitrust proceeding in a federal district court. The Court acknowledges that this limits the scope of antitrust relief, but it is compelled to this conclusion by the elaborate system which Congress has established to set, review, and regulate the rates which a natural gas producer may charge for the natural gas it supplies to its customers for resale to the public.

In California v. F. P. C., *supra,* the Supreme Court held that the FPC lacked authority under § 7 of the Natural Gas Act, 15 U.S.C. § 717f, to determine whether a *stock* acquisition in a natural gas company would have an anticompetitive effect. 369 U.S. at 488, 489, 82 S. Ct. 901. Under § 7(c), 15 U.S.C. § 717f(c), the Commission could only pass on the acquisition of the *assets* of a natural gas company. *Id.,* at 489, 82 S.Ct. 901. In the Supreme Court's view to permit the FPC to make this kind of a determination would confuse and frustrate the antitrust policy whose enforcement was committed to the courts. *Id.,* at 490, 82 S.Ct. 901.

■ The Commission's authority over rates under §§ 4 and 5 of the Natural Gas Act, 15 U.S.C. §§ 717c and 717d, is entirely different. It is comprehensive. It is pervasive. All gas rates shall be just and reasonable; those which are not are unlawful. 15 U.S.C. § 717c(a). Rates may not be changed except after due notice to the Commission. *Id.,* (d). The Commission may suspend the proposed rate change for as long as

five months pending a hearing upon its own motion or that of designated parties, *Id.,* (e). After the fifth month the new rate can go into effect, but the Commission has the power to require the posting of a bond to refund any amounts necessary should the Commission order a rollback. *Id.* If the Commission determines that a rate is unjust, unreasonable, unduly discriminatory, or preferential, it has the duty to fix a just and reasonable rate. *Id.,* § 717d. FPC decisions are reviewable in the Court of Appeals, 15 U.S.C. § 717r; which is bound by the substantial evidence rule, but may remand for further findings. The federal courts lack the authority to determine a just and reasonable rate. Federal Power Commission v. Colorado Interstate Gas Co., 348 U.S. 492, 75 S.Ct. 467, 99 L.Ed. 583 (1955); In re Permian Basin Area Rate Cases, 390 U.S. 747, 88 S.Ct. 1344, 20 L.Ed.2d 312 (1968); Socony Mobil Oil Co. v. Brooklyn Union Gas Co., 299 F.2d 692 (5th Cir. 1962). Similarly the courts may not fix a retroactive rate and determine what would have been a just and reasonable rate. Natural Gas Pipeline Co. v. Harrington, 246 F.2d 915 (5th Cir. 1957), cert. den., 356 U.S. 957, 78 S.Ct. 992, 2 L.Ed.2d 1065. To grant the relief sought here, this Court would have to determine what rate would have been just and reasonable had El Paso not occupied a monopoly position and award the difference between the rate charged and the new "just" rate in treble damages. Certainly the District Court may not do indirectly what the Court of Appeals may not do directly.

■ In California v. F.P.C., the Supreme Court held that the FPC could not rule on the merits of an antitrust suit involving a stock acquisition by ruling on an acquisition of assets. 369 U.S. 489, 82 S.Ct. 901. This case presents the other side of that coin. A district court cannot rule on the justice and reasonableness of a rate charged for natural gas destined for resale by making a determination of damages in an antitrust action. The regulation of sales of natural gas for resale, and thus its rates, has been committed by Congress to the Federal Power Commission. 15 U.S.C. §§ 717(b), 717c, 717d. *See,* Panhandle Eastern Pipe Line Co. v. Public Service Commission of Indiana, 332 U.S. 507, 516, 68 S.Ct. 190, 92 L.Ed. 128 (1947), and Atlanta Gas Light Co. v. Southern Natural Gas Co., 338 F.Supp. 1039, 1045–1046 (N.D.Ga.1972).[1]

■ The proper forum in which to contest the rate making of the FPC is the Court of Appeals. 15 U.S.C. § 717r. This is especially so since, in making decisions within its jurisdiction, the FPC must consider the anticompetitive effect of those decisions. Northern Natural Gas Co. v. FPC, 130 U.S.App.D.C. 220, 399 F.2d 953, 958 (1968). The decision in this case does not mean that the FPC has plenary antitrust jurisdiction, for it does not.[2] Neither does this decision mean that regulated industries are exempt from the antitrust laws.[3] How-

[1]. *See also,* Pennsylvania Water and Power Co. v. FPC, 89 U.S.App.D.C. 235, 193 F.2d 230 (1951), aff'd, 343 U.S. 414, 72 S.Ct. 843, 96 L.Ed. 1042, where the Circuit Court held that to the extent that there is a conflict a specific regulatory statute supercedes the antitrust laws; *but see,* United States v. Philadelphia National Bank, 374 U.S. 321, 83 S.Ct. 1715, 10 L.Ed.2d 915 (1963), and Pacific Seafarers Inc. v. Pacific Far East Lines, 131 U.S.App.D.C. 226, 404 F.2d 804 (1968) cert. den., 393 U.S. 1093, 82 S.Ct. 872, 21 L.Ed.2d 784.

[2]. California v. F. P. C., *supra.* Certain agencies are entrusted with plenary anti-

trust authority. 15 U.S.C. § 21. The FPC is not one of these agencies.

[3]. Among other things, regulated industries are subject to the antitrust laws in respect to unlawful mergers, United States v. El Paso Natural Gas, 376 U.S. 651, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964), United States v. Philadelphia National Bank, 374 U.S. 321, 83 S.Ct. 1715, 10 L.Ed.2d 915 (1963); unlawful divisions of markets, Panotex Pipe Line Co. v. Phillips Petroleum Co., 457 F.2d 1279 (5th Cir. 1972), and manipulations of supply to alter the price, Marketing Asssitance Plan v. Associated Milk Producers, Inc., 338 F.Supp. 1019 (S.D.Tex.1972). *See also,*

ever, where Congress has given a regulatory agency exclusive primary jurisdiction over a particular phase of an industry's interstate commerce, with review in the Court of Appeals, a federal district court is without antitrust jurisdiction to review the agency's decisions regarding that particular phase of interstate commerce.

Therefore, the motion for summary judgment of defendant El Paso Natural Gas Corporation is granted, and a judgment will enter accordingly. Because this case is dismissed at this point, it is unnecessary to determine whether this suit could be maintained as a class action.

California Motor Transportation Co. v. Trucking Unlimited, 404 U.S. 508, 92 S. Ct. 609, 30 L.Ed.2d 642 (1972), and

Woods Exploration & Prod. Co. v. Alcoa, 438 F.2d 1286 (5th Cir. 1971).