## IBERVILLE LAND CO. v. AMERADA PETROLEUM CORPORATION.

### No. 10710.

Circuit Court of Appeals, Fifth Circuit.

March 17, 1944.

---

Alexis Brian, of New Orleans, La., for appellant.

L. K. Benson, of New Orleans, La., for appellee.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

## LEE, Circuit Judge.

Iberville Land Company, an Iowa corporation, brought this action against the Amerada Petroleum Corporation, a Delaware corporation, alleging that defendant conducted without its knowledge and consent, in July and August, 1939, certain seismograph operations on lands owned by plaintiff, situated in the Parishes of Iberville and of St. Martin, in the State of Louisiana. Plaintiff prayed for judgment in the sum of $75,000, which was alleged to be the value to the defendant of the information it allegedly obtained.

Defendant moved to dismiss the complaint "as failing to state a claim upon which relief could be granted in that said complaint on its face disclosed that the matters complained of were barred by the liberative prescription of one year under Louisiana Civil Code, Articles 3536 and 3537." [1] The Court below sustained the plea and dismissed the complaint. Plaintiff appealed.

The question presented is whether this is a suit in tort for trespass, a quasi offense, prescriptible in one year from knowledge under the Codal Articles pleaded, or, as contended by appellant, an action in quasi contract, prescriptible in ten years under Civil Code Article 3544.[2]

Appellee, in support of its contention that this is an action in tort, cites and relies on Article 2315 of the Louisiana Civil Code, which, in part, provides:

"Every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it; * * *"

Appellant, in support of its contention that this is an action in quasi contract, cites and relies on Article 2301 of the Louisiana Civil Code. It provides:

"He who receives what is not due to him, *whether he receives it through error or knowingly,* obliges himself *to restore it to him* from whom he has unduly received it." [3]

The Codal Article relied on by appellant calls for the restoration of the specific thing wrongfully acquired. If the thing thus acquired exists and can be restored, the plaintiff either may sue for

---

[1] Article "3536. The following actions are also prescribed by one year:
"* * * * that for damages * * * *resulting from offenses or quasi offenses."
Article "3537. The prescription mentioned in the preceding article runs:
* * *
"And in the other cases from that [day] on which the injurious words, disturbance or damage were sustained."

"And where land, timber or property has been injured, cut, damaged or destroyed from the date knowledge of such damage is received by the owner thereof."

[2] Article "3544. In general, all personal actions, except those before enumerated, are prescribed by ten years."

[3] Italics used throughout opinion are supplied.

damages for the wrongful act by which he has been deprived of the thing, or he may sue for the restoration of the thing. One is an action in tort, or for a quasi offense; the other is an action in quasi contract. Whether this suit is in tort or in quasi contract may only be answered by an analysis of the averments of the bill of complaint descriptive of the cause of action and the character of the relief prayed.[4]

The bill of complaint alleged that "in the months of July and August, 1939, without petitioner's knowledge or consent" defendant's agents "entered upon petitioner's said lands and caused to be exploded thereon and near thereto * * * heavy charges of dynamite at sundry shot points on said lands * * * and placed recording instruments in some instances on, and in other instances near, the said lands * * * the said operations consisting of what are commonly known as geophysical explorations by seismograph, * * *"; that "by these quasi-contractual entries upon petitioner's said lands, for which entry defendant tacitly and in good conscience covenanted to pay, it acquired information of great value to it as to the existence or absence of oil and gas and possibly sulphur under all of petitioner's lands, * * * as well as under adjoining lands, which information said defendant used for its private purposes in selecting (as it later did select) the most promising lands for the development of mineral leases in nearby oil fields * * * which information was of value to the defendant of at least $75,-000.00"; that "defendant concealed its operations on petitioner's said lands and never disclosed to petitioner even the fact that said geophysical operations had been conducted at all, and particularly did not disclose to petitioner any results of the said geophysical operations, and did not offer at any time to pay petitioner for said privilege or for benefits derived therefrom, and that petitioner consequently had no knowledge of any geophysical operations on any part of said lands until the month of January, 1941"; that "petitioner * * * had given no consent to the geophysical explorations" and had "demanded * * * payment for the value of said explorations on all of said lands, which demand was refused." The prayer was for judgment against defendant in the sum of $75,000, with interest and costs.

It is well settled in Louisiana that where, as here, the acts and conduct which give rise to the cause of action are treated as wrongful and illegal and amount in law to an offense or quasi offense, and where, as here, the demand is for a money judgment for the value of property illegally taken, the suit is a tort action to recover damages for an offense or quasi offense and is barred by the prescription of one year pleaded and sustained in the Court below.

In Martin v. Texas Company, 150 La. 556, 90 So. 922, 923, the Court said:

"Plaintiff's suit is for the value of the oil, *not for the oil itself*. If defendant is liable for its value, it is because it bought the oil from one who was not its owner, and converted it, although it did so in good faith. *The suit does not grow out of a contract or quasi contract,* but out of the violation of law prohibiting a person from buying the property of another from one who is not the owner, and who has no authority to sell it, and from converting it, and, if he does do so, making him liable therefor. Such being plaintiff's cause of action, it is one for damages to the amount of the value of the property, *arising ex delicto,* and is governed by the *prescription of one year* prescribed by article 3536 of the Civil Code."

The Court then drew the distinction between actions in tort and actions in quasi contract as follows:

"Plaintiff cites Gaty, McCune & Co. v. Babers, 32 La.Ann. 1091, and [Heirs of] Burney v. Ludeling, 47 La.Ann. 73, 16 So. 507, in support of his contention, that the plea of prescription of one year should not be maintained. While these cases give support to that contention, *yet we think that, under the law, a distinction must be made between an action for the property itself and one for its value, in cases of this nature. The latter are suits for damages arising ex delicto, while the former are not. The form of the action governs in matters of prescription.*"

In Liles v. Barnhart, 152 La. 419, 93 So. 490, 492, a mineral lease was granted by Barnhart to the Gulf Refining Company under which the Refining Company drilled wells and produced oil and gas. Liles and others asserted and were decreed to own a one-fifth interest in said properties, and

---

[4] Kramer v. Freeman, 198 La. 244, 3 So.2d 609; Liles v. Producers' Oil Company, 155 La. 385, 99 So. 339.

thereupon sued Barnhart and the Refining Company for one-fifth of the value of all oil and gas taken from the land. Defendants pleaded the prescription of one year. The Louisiana Supreme Court said:

"The vital question to be determined, in so far as respects the moneyed demand of plaintiffs, is whether the prescription of one year, prescribed by articles 3536 and 3537 of the Civil Code, for actions for damages, arising from offenses and quasi offenses, is applicable. Defendants contend that it is, basing their contention on the theory that plaintiffs' demand for a moneyed judgment is one for damages arising out of a quasi offense; whereas, plaintiffs assert that such is not the case, and contend that their demand is one for money had and received."

The Court analyzed the allegations of the petition and said:

"Article 3536 of the Civil Code provides that actions for damages for offenses and quasi offenses prescribe in one year, and article 3537, as amended by Act No. 33 of 1902, fixes the time from which this prescription begins to run. This court has repeatedly held, in suits for the value of timber cut and removed from land wrongfully, that the prescription of one year, pleaded under those articles, is applicable; and, when well founded in fact, operates as a bar to recovery. There is no reason why those decisions should not apply to the present case. In principle, there is no essential difference between cutting timber off of land tortiously and selling it, or in manufacturing it into lumber and selling the manufactured product, and taking oil and gas from land tortiously and selling it. If, in the former instance, the prescription of one year bars the action for the value of the timber removed, for the same reason it should bar an action for the value of oil and gas extracted and taken from land.

\* \* \* \* \* \* \*

"We, therefore, conclude that when one trespasses upon the land of another and wrongfully withdraws and takes oil and gas therefrom, when sued for the value of these minerals, the action is barred, as to the value of such as were taken over a year prior to the institution of the suit, by the prescription of one year."

In the Liles-Barnhart case, Justice St. Paul dissented, contending that even though the action involved only a money demand, it might nevertheless be an action in quasi contract to recover an unlawful gain where the trespass resulted in unjust enrichment, citing a number of earlier decisions.

In Liles v. Producers' Oil Company, 155 La. 385, 99 So. 339, 342, plaintiff sued for the wrongful removal of oil and gas from his lands. The Court after referring to the same cases relied on by Justice St. Paul in his dissent, and others which had been cited, containing a like ruling, said:

"Whatever may have been said in the cited cases, in refusing to apply the prescription of one year to the demand as presented in those cases, which would differentiate a suit for damages resulting from a trespass or a tort or a quasi offense from a demand for the value of property wrongfully taken and appropriated, is obviously in conflict with the later and more recent jurisprudence.

\* \* \* \* \* \* \*

"It is sufficient to say, therefore, without citing further authorities, that the rule is now well settled in this state that a suit for the value of property wrongfully taken and appropriated is not distinguishable from an action for damages as for a tort or quasi offense, and is prescribed in one year from the time knowledge is received by the plaintiff of such wrongful appropriation."

See also Shields v. Whitlock & Brown, 110 La. 714, 34 So. 747, 748; and Ducros v. St. Bernard Cypress Company, Ltd., 164 La. 787, 114 So. 654.

In LeBleu v. Vacuum Oil Company, 15 La.App. 689, 132 So. 233, 234, 776, plaintiff sued defendant to recover $500 for entering upon his lands with geophysical instruments without his consent and thereby depreciating the leasing value. The Louisiana Court of Appeals said:

" \* \* \* the facts as set out by him in his petition entitle him however *to recover damages for a quasi offense* resulting from the invasion of his premises or property rights."

In Angelloz v. Humble Oil & Refining Co., 196 La. 604, 199 So. 656, 657, also involving a geophysical trespass, the Supreme Court of Louisiana said:

"It is the contention of plaintiffs that the trespass was willfully and deliberately committed by the defendant company for the purpose of obtaining information of value to itself and that, having disseminat-

388

ed the information so secured to the prejudice and injury of the plaintiffs, they are entitled to recover from the defendant (1) the value of the right to enter upon and conduct a geophysical survey on their property, and (2) the loss incurred as a result of the unfavorable publicity given with respect to their property."

The Court quoted in part and discussed Article 2315, the tort article, and that part of Article 1934, of the Civil Code, providing that "in the assessment of damages * * * in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury * * *." It discussed the LeBleu case, then referring to a case by this Court, said:

"In the case of Shell Petroleum Corporation v. Scully, 5 Cir., 71 F.2d 772, 776, as in the case at bar, a trespass had been committed for the purpose of making a geophysical test, but, unlike the case under consideration, the information obtained from such test was immediately given to the plaintiff. The theory of the case was that the plaintiff was entitled to be paid for the privilege of conducting a survey on his property which had been taken by the defendant company without the plaintiff's consent or payment therefor. In deciding the case the United States Circuit Court of Appeal for the Fifth Circuit, *having under consideration the above quoted articles of the Revised Civil Code,* commented as follows: 'Under the applicable Code articles, it is for the jury to fix it, not by way of penalty, but compensatorily. Vincent v. Morgan's Louisiana & T. R. & S. S. Co. [140 La. 1027, 74 So. 541], and LeBleu v. Vacuum Oil Co., supra. Thus fixed, it is to be measured, not absolutely, but as near as may be under the Code, by the value of that which the defendant took. It is for the jury to fix it upon consideration of the whole evidence, under appropriate guiding instructions. In this admeasurement all the circumstances of the actual taking have their due weight. * * * They should, in short, consider all the circumstances of the taking and its consequences, in an endeavor to give plaintiff that compensation which the Code allows. Under appropriate instructions, it is for them to say, under all the circumstances, whether the damage awarded shall be a little more than nominal, as in LeBleu's Case, supra, or substantially more. It is for them to fix, not vindictively but compensatorily, in the light of all the disclo-

sures, the value of the privilege defendant has assumed to take on plaintiff's land.' "

In the LeBleu case and in the Angelloz case, both Courts considered the action to recover a money judgment for geophysical trespass, a tort action.

A number of the cases cited by the appellant illustrate the character of action to which Article 2301 of the Civil Code applies:

Kramer v. Freeman, 198 La. 244, 3 So.2d 609.—A suit to recover specific property, and alternatively, for judgment for its value.

Tyler v. Walt et al., 184 La. 659, 167 So. 182.—A suit to recover certain bonds, or alternatively, the sum of $7,000 representing the price of the bonds.

Leurey v. Bank of Baton Rouge, 131 La. 30, 58 So. 1022, Ann.Cas.1913E, 1168.—A suit to recover converted stock, and alternatively, for the value.

Arkansas Fuel Oil Company v. Williams, La.App., 183 So. 128, 130.—The Court stated that it was plaintiff's "intention (1) to pray for judgment recognizing his ownership of the scrip and ordering Williams to deliver it to him; and (2) in the event of his inability to do so, that he recover judgment for the full amount of the scrip." The Court concluded that "evidently through inadvertence of counsel, money judgment only is prayed for," and remanded the case to allow plaintiff to amend. Again, a suit for specific property, and in the alternative, for a money judgment.

Maurepas Milling Co. v. Opdenweyer-George Lumber Co., Orleans No. 7406 (unreported, see Louisiana & Southern Digest.)—A suit for the return of lumber which defendant refused to return.

The other cases cited by the appellant are easily distinguishable from the case at bar. No useful purpose could be served in analyzing them.

■■ This action was filed on December 7, 1942. The geophysical trespass is alleged to have occurred in the months of July and August, 1939. No knowledge of said trespass, according to the complaint, was had until the month of January, 1941, when appellant was requested to sign a document acknowledging that it had consented to said geophysical operations. While this request did not acquaint appellant with all the facts, it was sufficient to put appellant on inquiry. Inquiry would

have revealed the facts. Article 3537 of the Civil Code of Louisiana provides that prescription runs from knowledge of the offense or quasi offense, and it is settled law that the knowledge spoken of in said article is not necessarily actual knowledge, but notice sufficient to excite attention and put a person on his guard and call for inquiry. See Poirier v. Burton-Swartz Cypress Co., 127 La. 936, 54 So. 292; National Park Bank v. Concordia Land & Timber Co., 159 La. 86, 105 So. 234; Ducros v. St. Bernard Cypress Co., 164 La. 787, 114 So. 654. In Young v. International Paper Co., 179 La. 803, 155 So. 231, 232, the Supreme Court of Louisiana, on the sufficiency of notice to start the prescription to running, said:

"The petition herein was filed on May 9, 1929. Plaintiff urges that he did not have actual notice of the *true extent of the damage to his land* and timber until July, 1928, and also that the only knowledge that he had, as to possible damage, was on May 28, 1928, just within a year prior to the filing of suit, at which time he heard that his land was under water, and so testifies. The preponderance of the evidence, however, shows that plaintiff has fallen into error as to when he had acquired sufficient knowledge to start prescription to running, for all that is required to do so is the acquisition of sufficient information, which, if pursued, will lead to the true condition of things. National Park Bank v. Concordia Land & Timber Co., 159 La. 86, 105 So. 234; Spyker v. International Paper Co., 173 La. 580, 138 So. 109. *Plaintiff had such information. * * *"

We find no error in the judgment appealed from; it is accordingly

Affirmed.