Sebastain DANTAGNAN et al., Plaintiffs-Appellants,

v.

I. L. A. LOCAL 1418, AFL–CIO, Defendant-Appellee.

No. 73–3662

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 21, 1974.

Rehearing Denied Aug. 8, 1974.

---

\* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Lawrence B. Jones, Benjamin E. Smith, New Orleans, La., for plaintiffs-appellants.

Alvin J. Liska, New Orleans, La., for defendant-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

In February, 1969, defendant-appellee Local 1418 instituted a dues checkoff of three cents per hour, retroactive to October 1, 1968. On May 12, 1972, plaintiff-appellant Dantagnan and two others,

members of Local 1418, filed suit in the United States District Court for the Eastern District of Louisiana, alleging that appellee had failed to comply with the requirements of Section 101(a)(3) of the Labor Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 411(a)(3) (1970).[1] On behalf of themselves individually and of a class composed of current and former members of the local, appellants sought to recover the allegedly illegally collected dues. Appellee answered, alleging *inter alia* that the action was barred by limitations. After receiving briefs from the parties and hearing oral argument on the question, the district court granted appellee's motion to dismiss for limitations. We reverse and remand the case for further proceedings.

Since the LMRDA does not contain a statute of limitations, federal courts entertaining suits brought pursuant to the Act must look to the law of the state in which the litigation arose, here Louisiana. Sewell v. International Association of Machinists, 5 Cir. 1971, 445 F.2d 545, 549, cert. denied, 1972, 404 U.S. 1024, 92 S.Ct. 674, 30 L.Ed.2d 674. "The applicable period of limitation is that which [Louisiana] would have enforced had an action seeking similar relief been brought in the [Louisiana] state courts." *Id.* Reasoning that appellants' action essentially sounded *ex delicto*, or in tort, the district court concluded that Louisiana courts would apply the one year statute of limitations.[2] As they did below, appellants insist that their claim is basically *ex contractu*, sounding in quasi contract, and therefore covered by the ten year period of

1. The Act provides that
the rates of dues and initiation fees payable by members of any labor organization in effect on September 14, 1959 shall not be increased, and no general or special assessment shall be levied upon such members, except—
(A) in the case of a local labor organization, (i) by majority vote by secret ballot of the members in good standing vot-

ing at a general or special membership meeting, after reasonable notice of the intention to vote upon such question, or (ii) by majority vote of the members in good standing voting in a membership referendum conducted by secret ballot . . . .

2. "The following actions are also prescribed by one year: . . . [T]hat . . . resulting from offenses or quasi offenses." La. Civil Code art. 3536.

prescription.[3] We find appellants' argument the more persuasive.

The court below relied in part on Sewell v. International Association of Machinists, *supra,* in which this Court held that Alabama's one year statute of limitations for tort actions barred a claim based on alleged violations of the LMRDA. We think this reliance was misplaced for two reasons. First, the holding in *Sewell* rested on the conclusion that as a matter of state law Alabama courts would have classified Sewell's particular cause of action as *ex delicto* or tortious, not as the court below and the appellee seem to believe, on a conclusion that as a matter of federal law all actions based on violations of LMRDA are essentially tortious in nature. Second, *Sewell* involved a different section of LMRDA—and a different type of claim—from the case *sub judice.* Plaintiff Sewell complained that he had been discharged from his union office for exercising his First Amendment rights, a violation of sections 101(a)(1) and (2), 29 U.S.C. § 411(a)(1), (2) (1970).

■ Though the facts of *Sewell* are distinguishable, what we said there regarding the method of determining the applicable statute of limitations in LMRDA cases does channel our analysis in the case at bar. Thus we must examine the plaintiff's complaint and the undisputed facts in the light of the guidelines established by the forum state's own courts for testing the basic nature of a cause of action. 445 F.2d at 549–550.

■ Under the law of Louisiana it is well-settled that one set of facts may result in two causes of action, one delictual and the other quasi contractual.

Iberville Land Co. v. Amerada Petroleum Corp., 5 Cir. 1944, 141 F.2d 384.[4] If a specific thing wrongfully acquired "exists and can be restored, the plaintiff either may sue for damages for the wrongful act by which he has been deprived of the thing, or he may sue for the restoration of the thing. One is an action in tort, or for a quasi offense; the other is an action in quasi contract." *Id.* at 385–386. The essential distinction arises from the differences in the relief requested:

The rationale of the codal articles and jurisprudence governing the right to an action in quasi contract (which includes the right to demand the return of the thing or the value thereof) is prevention of the unjust enrichment which would otherwise accrue in favor of a transgressor by virtue of his receipt and permanent retention of a thing of value belonging to the aggrieved party. Obviously one should not be permitted to retain and keep an object belonging to another and enjoy the continuous use and benefits to the detriment and deprivation of the lawful owner. Under such circumstances where the object received and retained is capable of restoration equity demands its return or, in the event of its loss or destruction, restitution of the value thereof. On the other hand, however, under the general tort law where the action of a tortfeasor merely causes damage to the property of another, (real or personal), unaccompanied by an appropriation and retention thereof for the exclusive use, benefit and enjoyment of the tortfeasor, the remedy of the injured party is limited and restricted to recovery of damages occasioned by the tortious act.

---

3. "In general, all personal actions, except those before enumerated, are prescribed by ten years." La.Civil Code art. 3544.

4. Kramer v. Freeman, 198 La. 244, 3 So.2d 609 (1941); Schouest v. Texas Crude Oil Co., 141 So.2d 155 (La.App.1962).
   The Louisiana law relating to rights and obligations founded on the theory of quasi contract appears, *inter alia,* in La.Civil Code articles 2292, 2294, and 2301. The latter provides: "He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it."

Schouest v. Texas Crude Oil Co., 141 So.2d 155, 160 (La.App.1962).

As we recognized in *Iberville Land Co., supra,* 141 F.2d at 386, under Louisiana law "[w]hether [the] suit is in tort or in quasi contract may only be answered by an analysis of the averments of the bill of complaint descriptive of the cause of action and the character of the relief prayed." The complaint in the case at bar is abbreviated, but sufficient to demonstrate to our satisfaction that these appellants chose to pursue an action in quasi contract. Appellants allege that the union local has wrongfully received and retained a sum of money rightfully belonging to appellants and those they represent; they have pleaded the existence of a quasi contractual obligation on the part of the appellee.[5] Moreover, although appellants also seek attorneys' fees and injunctive and declaratory relief, the heart of their requested relief is the recovery of the amount of money allegedly illegally collected and retained.[6] If appellee's action in collecting the increased dues did violate the LMRDA, appellee would be unjustly enriched if allowed to retain the monies. Thus appellee's actions, if violative of the statute, may have been tortious, but they also created a quasi contractual obligation giving appellants the right to demand restitution.[7]

The court below having erroneously dismissed the suit for prescription, the case is reversed and remanded for further proceedings.

Reversed and remanded.

---

5. We see nothing significant in the fact that the property retained by appellee is money rather than some other type of property, real or personal. In United Gas Pipe Line Co. v. Socony Mobil Oil Co., W.D.La.1963, 220 F.Supp. 685, a complaint for recovery of a specific sum of money allegedly collected in violation of the Natural Gas Act and orders of the Federal Power Commission was held to allege a quasi contractual obligation. and thus to come within Louisiana's ten year statute of prescription.

6. We regard as basically irrelevant the fact that section five of appellants' complaint is subtitled "damages." It is clear beyond any reasonable dispute that the relief actually requested in the prayer of the complaint is restitution of the money collected, not damages for the wrongful act of collection.

7. The district court buttressed its conclusion that actions for violations of LMRDA are essentially tortious in nature with a line of cases holding that antitrust actions in Louisiana are essentially *ex delicto* and thus fall within the one year period of prescription. We think the analogy is wide of the mark. Violations of antitrust statutes generally involve breach of a duty owed to the public in general, and suits brought pursuant to those statutes usually seek recovery of unliquidated damages. Here, by contrast, appellants assert the breach of a duty owed to a particular set of individuals, and they seek restoration or restitution of the specific thing wrongfully acquired, a sum of money. *Accord,* United Gas Pipe Line Co. v. Socony Mobil Oil Co., W.D.La.1963, 220 F.Supp. 685, 687.