United States Court of Appeals,

Fifth Circuit.

No. 91-2361

Summary Calendar.

Peggy WOOD, Plaintiff-Appellant,

v.

HOUSTON BELT & TERMINAL RAILWAY and Transportation Communications
International Union, Defendants-Appellees.

April 13, 1992.

Appeal from the United States District Court for the Southern
District of Texas.

Before JOLLY, DAVIS, and SMITH, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Peggy Wood appeals from the summary judgment in favor of her
employer and union in this hybrid breach of contract/breach of duty
of fair representation case. Because her claims are barred by the
six-month statute of limitations, we AFFIRM.


I

Wood was employed by Houston Belt & Terminal Railway ("HB &
T") as a clerk. HB & T is a carrier covered by the Railway Labor
Act ("RLA"), 45 U.S.C. §§ 151 *et seq.* The Transportation
Communications International Union ("the Union") is the certified
bargaining representative for certain employees at HB & T. HB & T
and the Union entered into a collective bargaining agreement
established by the RLA and controlled and arbitrated under its
jurisdiction. The terms and conditions of Wood's employment were
governed by the collective bargaining agreement between HB & T and

the Union ("the Agreement").

On June 29, 1987, HB & T notified Wood that she was terminated for failing to return to work within ten days, after being recalled from furlough status. Wood claimed that she had not returned to work because she was threatened by another employee when she attempted to report for work on June 18. The Union investigated the matter and requested that Wood provide written statements to substantiate her allegations. The Union never filed a formal grievance on behalf of Wood because she failed to provide the requested written statements, and because no other employees reported the alleged threats. D.D. Willey, the Union's general chairman and union representative, notified Wood by letter dated February 12, 1988, that the Union would not pursue the matter any further. Willey did not refer to the internal appeals procedure set forth in the Union's constitution. Willey instead advised Wood that "the only angle I can think of that might be of some help to you in obtaining separation pay might be through some legal action against the Company." Willey advised Wood to consult with an attorney regarding the alleged threat, and provided her with a list of attorneys from which to choose.

The Union's international president, R.I. Kilroy, also responded to Wood's complaints that the Union had not fairly represented her. Kilroy detailed the steps the Union had taken on her behalf and informed her that the Union was closing its files. He did not refer to the internal appeals process provided for in

the Union's constitution.

On April 22, 1988, Wood filed charges against the Union with the Texas Commission on Human Rights and the Equal Employment Opportunity Commission ("EEOC"), alleging that the Union "failed to fairly represent" her because of her age and sex. After conducting an investigation, the EEOC field office determined on June 24, 1989, that the evidence regarding Wood's charges did not establish discrimination. Wood sought review of the field office's determination and, on September 21, 1989, the EEOC's Washington, D.C. office upheld the field office's finding.

## II

On December 29, 1989, Wood filed suit against HB & T and the Union in Texas state court. She alleged that HB & T and the Union (1) breached her employment contract by failing to allow her to work at HB & T and failing to pay her a separation allowance; (2) intentionally interfered with the contract between her and HB & T; (3) made fraudulent misrepresentations to her; (4) conspired to refuse her employment at HB & T; and (5) were negligent in failing to enforce the employment agreement. She sought actual and punitive damages. HB & T and the Union removed the case to federal court on the basis of federal question jurisdiction, alleging that Wood's claims arose under the RLA. HB & T and the Union moved for dismissal or, in the alternative, summary judgment, on the grounds that (1) Wood failed to exhaust her administrative remedies before filing suit; and (2) Wood's claims are time-barred. The district

court granted summary judgment in favor of HB & T and the Union on the ground that Wood failed to exhaust her administrative remedies. Wood timely appealed.

## III

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Our review of summary judgment is plenary, and we view all facts and the inferences to be drawn from the facts in the light most favorable to the non-movant. *LeJeune v. Shell Oil Co.,* 950 F.2d 267, 268 (5th Cir.1992). If the summary judgment evidence could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Although the district court granted summary judgment on the ground that Wood failed to exhaust her administrative remedies, "[w]e may affirm a summary judgment on grounds other than those relied upon by the district court when we find in the record an adequate and independent basis for that result." *Brown v. Southwestern Bell Telephone Co.,* 901 F.2d 1250, 1255 (5th Cir.1990). In this case, the record clearly establishes that Wood's claims are time-barred.

When an employee has a dispute with her employer involving interpretation of a collective bargaining agreement, as well as a claim against her union for breach of the union's duty of fair representation, "the employee may bring a "hybrid' action alleging claims against both the union and the employer." *Trial v. Atchison, Topeka & Santa Fe Ry. Co.,* 896 F.2d 120, 123 (5th Cir.1990). In *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 169–72, 103 S.Ct. 2281, 2293–95, 76 L.Ed.2d 476 (1983), the United States Supreme Court held that hybrid actions brought under the National Labor Relations Act and the Labor Management Relations Act are governed by the six-month statute of limitations in section 10(b) of the NLRA, 29 U.S.C. § 160(b). The six-month statute of limitations also applies to hybrid actions under the RLA. *Brock v. Republic Airlines, Inc.,* 776 F.2d 523, 526 (5th Cir.1985). "The limitations period under the RLA begins to run when the claimants discover, or in the exercise of reasonable diligence should discover, the acts that form the basis of their duty of fair representation claim." *Trial,* 896 F.2d at 124.

HB & T and the Union satisfied their summary judgment burden on the statute of limitations issue by producing evidence demonstrating that Wood had knowledge of the acts that form the basis of her duty of fair representation claim against the Union at least as early as February 12, 1988, when Willey and Kilroy informed her that the Union would do nothing further for her, and certainly no later April 22, 1988, when she filed EEOC charges

against the Union, contending that it "failed to represent" her. Accordingly, in order to avoid summary judgment against her, Wood was required to "set forth specific facts showing that there is a genuine issue for trial" as to when she became aware of the facts to support her claims, and whether she had a legally valid excuse for her delay in filing suit.  Fed.R.Civ.P. 56(e);  *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).  She failed to satisfy her burden.

Wood argues, as she did in the district court, that because the Union deliberately misled her regarding her appellate rights, the statute of limitations did not begin to run until she completed her appeal through the EEOC on September 21, 1989.  She further contends that the Union's suggestion to her that the next step in an appeal was to contact the EEOC "exemplifies the inequity in asserting that the statute of limitations began to run from the date of such suggestion."

Wood failed to establish a genuine issue of material fact with respect to her contention that the Union misled her regarding her right to institute legal action against either HB & T or the Union. There is no evidence to support Wood's conclusory assertion that the Union advised her to contact the EEOC as the "next step" in an appeal, or with regard to her complaints about the Union's representation;  rather, Willey's letter to Wood indicates that he advised her to contact the EEOC regarding allegations of sexual harassment by an HB & T official.  Nevertheless, Wood's EEOC charge

against the Union alleges that the Union "failed to represent" her because of her age and sex, and states that the most recent discrimination took place on February 12, 1988. This undisputed evidence establishes, as a matter of law, that Wood had knowledge of the basis of her claim against the Union no later than April 22, 1988, the date she filed the EEOC charge. However, she did not file suit until December 29, 1989, long after the expiration of the six-month statute of limitations.

Wood's position seems to be that the limitations period should not have begun until she had an opportunity to consult an attorney and learned of the existence of a potential legal remedy against the Union. Obviously, such a rule would seriously undermine the strong federal policy supporting "relatively rapid final resolution of labor disputes," which is the rationale for the six-month statute of limitations. *DelCostello,* 462 U.S. at 168, 103 S.Ct. at 2292. Wood's knowledge of the *legal* basis for her claim against the Union is irrelevant; the statute of limitations begins to run when a potential plaintiff has knowledge of the *facts* which could support a legal remedy.

IV

There is no genuine issue as to any material fact regarding the proper application of the six-month statute of limitations. Because Wood's claims are time-barred, the judgment of the district court is

AFFIRMED.