# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 20, 2007

Charles R. Fulbruge III
Clerk

No. 07-20384
Summary Calendar

MILTON J RANDLE; LEE A SIMMONS; A J WILLIAMS; JACK NEFF;
PHILLIP H HEDDEN; LARRY TOWNSEND; LARRY D SMITH; HOLLIS
EDWARDS; LENNOX BORRIS; ROBERT SEQUNDO; HUBERT M LANG;
ALURICK N JASPER; WILLIAM MOORE; JOE BIANCARDI; DERECK
GUNTER; GABRIEL ZARA; NICHOLAS PHOLGENE

Plaintiffs - Appellants

v.

LOCAL 28 INTERNATIONAL LONGSHOREMENS ASSOCIATION/AFL-
CIO; LARRY W SOPCHAK, President; B R WILLIAMS, SR, Executive Vice
President; TIMOTHY HARRIS, Business Agent/Financial Secretary

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas, Houston
No. 4:07-CV-103

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On March 28, 2007, the district court granted Defendants' motion to
dismiss, and entered final judgment. On April 17, 2007, the district court denied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Plaintiffs' motion for a new trial. Plaintiffs now appeal the order denying the motion for a new trial. For the reasons set forth below, we affirm the district court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are members of Local 28, International Longshoremens Association/AFL-CIO ("Local 28"), which is located in Pasadena, Texas.[1] Defendants are Local 28 and certain officers thereof. At some point in the past, Local 28 members received an hourly wage increase termed a "container royalty." The container royalties are distributed to members annually, in December of each year, although Local 28 withholds a portion of them as membership dues. Members never voted to authorize Local 28 to retain a percentage of the royalties. To the contrary, on October 30, 2000, members voted at a specially called meeting to prohibit Local 28 from withholding any monies.

On January 9, 2007, Plaintiffs filed a complaint alleging that Defendants violated the Labor-Management Reporting Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(3)(A), by failing to hold a secret-ballot vote before collecting dues from the container royalties. On January 20, 2007, Defendants filed a motion to dismiss the action as time barred, arguing that the most generous Texas statute of limitations that could possibly govern, in the absence of a specific LMRDA rule, only provided four years to file suit. They asserted that Plaintiffs' action accrued on or before October 30, 2000–the day of the specially called meeting–six years before Plaintiffs filed their case. Defendants also argued that Plaintiffs failed to state a cause of action because the complaint did not allege that Local 28 increased membership rates.

Plaintiffs did not file a response, and, on March 28, 2007, the district court dismissed the case as time barred. On April 6, 2007, Plaintiffs filed a motion for

---

[1] The facts stated herein are taken from Plaintiffs' complaint.

new trial under Rule 59 of the Federal Rules of Civil Procedure. Plaintiffs "apologize[d]" to the district court for failing to respond to the motion to dismiss, and stated that Plaintiffs' lawyer confused federal with state motion practice. Plaintiffs agreed that Texas' four-year statute of limitations applied to § 411(a)(3)(A) claims. However, they argued that the action was not barred because there were continuing violations of the LMRDA every time Local 28 withheld dues from the container royalties.

In response, Defendants asserted that there was only one discrete refusal to "rescind the status quo," which occurred immediately after the October 30, 2000 vote. Defendants also renewed their argument that Plaintiffs failed to state a claim for relief because they did not allege an increase in union rates. On April 17, 2007, the district court denied Plaintiffs' motion for a new trial. It assumed, arguendo, that the theory of continuing violations is applicable to more than discrimination claims. But it found that Plaintiffs failed to establish a continuing violation under the three-part test set forth in Berry v. Board of Supervisors of L.S.U., 715 F.2d 971, 981 (5th Cir. 1983), because: (1) there was no discriminatory act; (2) the single annual violation was not frequent enough; and (3) Plaintiffs should have realized they were injured by Defendants in December of 2000.

On May 17, 2007, Plaintiffs filed this timely appeal.

## II. STANDARD OF REVIEW

We review a dismissal for failure to comply with a statute of limitations under Rule 12(b)(6). Triplett v. Heckler, 767 F.2d 210, 211-12 (5th Cir. 1985). The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on

its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (quotation marks, citations, and footnote omitted).

Although Plaintiffs never reached trial, they appeal the district court's denial of their motion for new trial, and Defendants agree that review of the legal rulings are de novo. See Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005). Defendants do not argue, as they seemingly could, that Plaintiffs' arguments should be subjected to a higher standard of review because Plaintiffs raised new arguments. See id. Nor do they argue that Plaintiffs' motion was actually a motion for reconsideration under Rule 60 of the Federal Rules of Civil Procedure. See Barrs v. Sullivan, 906 F.2d 120, 120 (5th Cir. 1990) (holding that the standard of review under Rule 60 is abuse of discretion). Since the district court seemingly reviewed Plaintiffs' arguments de novo, and it is not dispositive to the outcome of the case, we shall too.

## III. DISCUSSION

Plaintiffs argue that their LMRDA action is not time barred because the court should apply a continuing violation theory to whatever statute of limitations applies. They assert that a long standing violation of the LMRDA cannot escape review because the LMRDA protects union workers against more than mere injuries like personal injury or breach of contract; it protects union workers from leaders abusing their powers. Yet under the district court's analysis of the case, they assert, Defendants are "immune from any enforcement of the law simply because [they] got away with it [for] too long."

It is unclear if Plaintiffs still agree, as they did below, that a four-year Texas statute of limitation governs. Plaintiffs state that: "[t]o be sure, to apply a two year statute of limitations to the rights protected under this Act because it is analogous to a personal injury or a four year statute because it sounds in

contract totally misses the mark." On the other hand, Plaintiffs do not suggest that any other statute of limitations applies. In either event, Plaintiffs believe that they can collect damages going back as far as December of 2000 because Local 28 withheld dues from the container royalties in December of 2006.

Defendants respond that Plaintiffs' claim was properly dismissed as untimely. First, they observe that courts must apply a state statute of limitations to a federal claim if there is no federal statute of limitations, and argue that the only options were a two-year Texas limitation on personal injury claims or a four-year limitation on contract and other residual claims. Second, they contend that the district court properly determined that Plaintiffs' cause of action accrued on October 30, 2000, the day members voted to prohibit Local 28 from withholding dues from the container royalties. Third, they assert that Plaintiffs cannot create new injuries to evade the statute of limitations because the discrete act that caused their injuries occurred in 2000. Finally, they continue to argue that Plaintiffs failed to allege that Local 28 raised membership rates.

We find that Plaintiffs' action is time barred. The LMRDA bars unions from increasing the "the rates of dues and initiation fees payable by members," unless a majority of members in good standing vote by secret ballot to do so. 29 U.S.C. § 411(a)(3)(A). Section 411 does not contain an internal statute of limitations, so we look to the statute of limitations of the most analogous state claim to determine when union members may sue. Dantagnan v. I.L.A. Local 1418, AFL-CIO, 496 F.2d 400, 401-03 (5th Cir. 1974). In Dantagnan, the court looked to the law of Louisiana and determined that the most analogous Louisiana claim was a claim for quasi-contract because the union would be unjustly enriched if allowed to retain dues unlawfully collected. Id. at 403. As such, Louisiana's ten-year statute of limitations for contracts governed. Id.

Similarly, in Reed v. United Transporting Union, 488 U.S. 319, 332 (1989), the Supreme Court applied a state personal injury limitations period to an LMRDA claim under 29 U.S.C. § 411(a)(2), which protects union members' rights to meet and assemble freely with other members. The Court rejected the union member's argument that federal policy so strongly supported his right to speak that his claim was not governed by a state statute of limitations. Id. at 326. According to the Court, federal policy favored strict application of state statutes of limitations because "[t]ime-consuming litigation as to the collateral question of the appropriate statute of limitations" would obstruct the prompt resolution of labor disputes. Id. at 326; see also DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 168 (1983) (stating that federal policy favors relatively quick resolution of labor disputes); Wood v. Houston Belt & Terminal Ry., 958 F.2d 95, 98 (5th Cir. 1992) (same).

Defendants suggest that our opinion in Dantagnan, 496 F.2d at 401-03, applying Louisiana's statute of limitations for contracts to an LMRDA action, has been undermined by Reed, 488 U.S. at 332, which applied a state personal injury statute. We need not decide that question, although we note that the two cases involved different sections of the LMRDA and different state claims. The outcome of this case is not determined by which Texas period of limitations governs. The Texas statute applied by the district court provides a four year period for breach of contract cases and every other action "for which there is no express limitations . . . ." Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2001), while the personal injury statue Defendants prefer provides a two-year period, id. § 16.003(a). Both statutes bar Plaintiffs' suit unless we find that either Plaintiffs' injury accrued on or after January 8, 2005, or that Plaintiffs are suing for a continuing violation. We find neither.

First, Plaintiffs' claim accrued sometime in December of 2000. Ordinarily, a statute of limitations begins to run upon the discovery of the injury in

question, or when the plaintiff should have discovered the injury. See Rotella v. Wood, 528 U.S. 549, 555 (2000); Ramming v. United States, 281 F.3d 158, 162 (5th Cir. 2001); Love v. Nat'l Med. Enters., 230 F.3d 765, 776-77 (5th Cir. 2000). A plaintiff need not discover every element of the claim, only the injury, for the clock to start. Rotella, 528 U.S. at 555. The purpose behind the discovery-accrual rule is to ensure "repose, elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities." Id. at 555. "A limitations period that would have begun to run only eight years after a claim became ripe would bar repose, prove a godsend to stale claims, and doom any hope of certainty in identifying potential liability." Id. at 559. We note, moreover, that the discovery-accrual rule has been applied to labor disputes. See, e.g., Wood, 958 F.2d at 97; Barret v. Ebasco Constructors, Inc., 868 F.2d 170, 171 (5th Cir. 1989).

In the instant case, it is clear from the complaint that Plaintiffs' injury accrued in December of 2000. The complaint makes two allegations that compel this conclusion: (1) members voted to prohibit collection of union dues from the container royalties on October 30, 2000; and (2) membership dues were collected from the container royalties every December. Accepting both allegations as true, we find that dues were taken from the container royalties in December of 2000, despite the fact that members never authorized Local 28 to do so. When Plaintiffs received container royalties in December of 2000, minus membership dues, they discovered that Defendants injured them and the statute of limitations began to run.

Second, Plaintiffs cannot establish a continuing violation of § 411(a)(3)(A). In Havens Realty Corp. v. Coleman, 455 U.S. 363, 380-81 (1982), the Court held that a plaintiff was not barred from bringing a Fair Housing Act claim to challenge allegedly discriminatory acts, even though some of the discriminatory acts were outside the statute of limitations, because the plaintiffs challenged an

unlawful practice that was continuing in nature. The challenged practice was continuous in nature because the defendant landlords refused to rent to the minority applicants on multiple occasions, including once during the statute of limitations period. Id. at 382.

The continuing violation doctrine has since been applied in other discrimination cases. For example, in Abrams v. Baylor College of Medicine, 805 F.2d 528, 533 (5th Cir. 1986) (citation omitted), the court had "no difficulty in upholding a finding of continuing violation [in a Title VII case] when . . . the employer's ambiguous acts serve[d] to obscure the existence of an unlawful policy and fail[ed] to alert 'the average lay person to act to protect his rights.'" In Berry, 715 F.2d at 981, the court discussed three non-exhaustive factors that help determine whether an action was continuous in a Title VII case: (1) whether the various acts "involve the same type of discrimination, tending to connect them"; (2) whether the acts are frequent and recurring, or more isolated in nature; and, "most importantly," (3) whether the act is permanent in nature, such that it "should trigger an employee's awareness of a duty to assert his or her rights . . . ."

The continuing violation doctrine does not mean that every past act that has effects in the future are continuing violations. In Ledbetter v. Goodyear Tire & Rubber Co., 127 S. Ct. 2162, 2165-66 (2007), the Court refused to allow the plaintiff to sue for past discrimination, reflected in paychecks received during the statutory filing period, because the lawsuit violated the policy of repose behind every limitations period. The plaintiff alleged that a past discriminatory act, the setting of her pay below the amount that similarly situated men received, continued to have consequences in the future. Id. Specifically, the plaintiff's pay was still less than similarly situated men years later because her starting base pay was too low. Id. But the Court held that "[b]ecause a pay-setting decision is a 'discrete act,' it follows that the period for filing an EEOC

charge begins when the act occurs." Id. at 2165. And it observed that it is "'unjust to fail to put [an] adversary on notice to defend within a specified period of time.'" Id. at 2166 (quoting United States v. Kubrick, 444 U.S. 111, 117 (1979)).

In the instant case, we are convinced that Plaintiffs failed to allege a continuing violation. Plaintiffs complain of one discrete act: Local 28's decision in 2000 to retain membership dues from container royalties. As in Ledbetter, although this one discreet act continues to have repercussions to this day, it is not a continuing violation because it involved a single membership-rate setting decision. Local 28's decision was permanent in nature and should have "trigger[ed a member's] awareness of a duty to assert his or her rights . . . ." Berry, 715 F.2d at 981. This is not a situation where an ambiguous act obscured the existence of a violation. Abrams, 805 F.2d at 533; see also Ledbetter, 127 S. Ct. at 2181 (Ginsburg. J., dissenting) (arguing that a past discriminatory pay decision was a continuing violation because the plaintiff did not learn until later that similarly situated male employees were being paid higher salaries). The members of Local 28 were fully aware in October 30, 2000, that Local 28 might assess union dues from the container royalties. When Local 28 did so in December 2000, Plaintiffs were in a position to timely challenge that decision. Finally, while we do not decide whether any plaintiff could allege a continuing violation of the LMRDA, our decision is fortified by the strong federal preference for the prompt resolution of labor disputes. See Reed, 488 U.S. at 326; DelCostello, 462 U.S. at 168; Wood, 958 F.2d at 98.

## III. CONCLUSION

In conclusion, we AFFIRM the district court's order denying Plaintiffs' motion for a new trial.