United States Court of Appeals,

Fifth Circuit.

No. 92-3865

Summary Calendar.

Shedrick NELSON, Plaintiff-Appellant,

v.

LOCAL 854 DOCK LOADERS AND UNLOADERS OF FREIGHT CARS AND BARGES UNION, et al., Defendants-Appellees.

June 18, 1993.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before REYNALDO G. GARZA, DUHÉ and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

The appellant, Shedrick Nelson, appeals the summary judgments granted in favor of the appellees, Dock Loaders and Unloaders of Freight Cars and Barges Local Union 854, ("Local 854"), General Longshore Workers Local Union 3000, ("Local 3000"), New Orleans Steamship Association, ("NOSA"), and Ceres Gulf, Inc., ("Ceres"). Upon review, we find that the summary judgments were proper and we therefore affirm.

FACTS

Nelson has been employed at Ceres, a New Orleans stevedore, for many years. He belongs to the freight loaders' union, Local 854, but was performing "top loader" work which was reserved for longshoremen, members of Local 3000. NOSA, Ceres's bargaining representative, negotiated an agreement with Local 3000 on October 10, 1989, allowing the few Ceres employees performing Local 3000 work to continue, but that these jobs would be "red circled." This agreement was called a Memorandum of Understanding. It was in the form of an addendum to the collective bargaining contract, the "1989-1990 Deep Sea Agreement." Being "red circled" meant that the number of these jobs would not increase and that these positions would revert back to Local 3000 members whenever the Local 854 workers left. These workers were paid at the Local 854 hourly rate of $15.50 instead of the $19.00 rate paid to Local 3000 members.

Nelson continued in this job until a new Memorandum of Understanding was reached on January 15, 1991, as part of the new collective bargaining agreement, the "1990-1994 Deep Sea Agreement." Under this new agreement, the "red circled" jobs were to be turned over to Local 3000 members in 60 days. Accordingly, the appellant was switched over to Local 854 work on March 15, 1991, while continuing to earn $15.50 an hour. Nelson brought suit in federal district court against the two locals, NOSA and Ceres, claiming that he was entitled to his old job. He asked for this suit to be dismissed in October, 1991, and immediately filed an almost identical suit in Louisiana State Court. The appellees removed the action back to federal district court and submitted motions for summary judgment. On January 13, 1992, summary judgment was granted in favor of Local 3000. On January 14, 1992, summary judgment was granted in favor of NOSA and Ceres. Summary judgment was granted in favor of the last appellee, Local 854, on September 4, 1992. Nelson timely appealed these judgments.

ANALYSIS

Nelson appeals the summary judgments granted in favor of the appellees. He argues that his action was not time barred because it was a simple breach of contract and therefore has a ten year statute of limitations under Louisiana State Law. Upon examination of the appellant's chief claim, we agree with the district court in finding that this dispute centers around collective bargaining and is therefore controlled by the federal law under the Labor Management Relations Act ("LMRA") of 1947. This Act has adopted a six month statute of limitations, and therefore Nelson's cause of action is time barred because the dismissal of the first suit without prejudice prevents its use in tolling the time limitation. *Price v. Digital Equip. Corp.,* 846 F.2d 1026, 1027 (5th Cir.1988). The appellant filed the second suit on October 4, 1992, almost nine months after he was informed that his position would be reassigned.

This claim focuses on two collective bargaining agreements, the Memorandums of Understanding dated October 10, 1989 and January 15, 1991. Hybrid claims involving both unions

and employers are controlled by § 301(a) of the LMRA,[1] 29 U.S.C. § 185(a).[2] *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 64-65, 107 S.Ct. 1542, 1546-47, 95 L.Ed.2d 55 (1987); *Avco Corp. v. Machinists,* 390 U.S. 557, 558-60, 88 S.Ct. 1235, 1236-37, 20 L.Ed.2d 126 (1968). The state cause of action is preempted by this federal labor contract law. This dispute is therefore controlled by the six month statute of limitations as set out by the National Labor Relations Board, 29 U.S.C. § 160(b).[3] *Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir.1992); *DelCostello v. Teamsters,* 462 U.S. 151, 169-72, 103 S.Ct. 2281, 2293-95, 76 L.Ed.2d 476 (1983). The instant action is time barred and the summary judgments granted in favor of the appellees were proper.

If we were to reach the merits we would find that the appellant was not entitled to the "top loader" job indefinitely. It was protected only by a temporary accommodation described in the first memorandum and was subsequently superseded by the second agreement. Local 3000 had no duty to represent a Local 854 member. We note that Nelson's wages never suffered. Nelson should have initially filed a complaint with his own union, Local 854. The fact that Nelson did not attempt to use his administrative remedies by filing a grievance with his Local, is also sufficient grounds to uphold

---

[1] § 301 states in pertinent part:

> (a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

[2] 29 U.S.C. § 185 states in pertinent part:

> *Suits by and against labor organizations*
>
> *Venue, amount and citizenship*
>
> (a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

[3] 29 U.S.C. § 160(b) provides in pertinent part:

> (b) [N]o complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge....

the district court's summary judgments. *See Republic Steel Corp. v. Maddox,* 379 U.S. 650, 652-53, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965). Nelson also complains that his local had a duty to transfer him to Local 3000. This charge is meritless because each union controls its own membership admissions.

## CONCLUSION

We find that there was no material question left unanswered that could have prevented the district court from granting summary judgment against the nonmovant, Nelson. For all the above stated reasons, we

AFFIRM.