**Francisco E. URENA, Plaintiff–Appellant,**

v.

**AMERICAN AIRLINES, INC., Transport Workers Union of America, AFL–CIO, TWU Local 501, Defendants–Appellees.**

No. 04–5490.

United States Court of Appeals, Second Circuit.

Oct. 19, 2005.

Francisco E. Urena, Woodside, NY, for Appellant, pro se.

Harry A. Rissetto, Morgan, Lewis & Bockius LLP, Washington, D.C. (Rene M. Johnson, Morgan, Lewis & Bockius LLP, New York, NY, Ray E. Donahue, Morgan, Lewis & Bockius LLP, Washington, D.C., Gregg Formella, American Airlines, Inc., Fort Worth, TX, David M. Glanstein, O'Donnell, Schwartz, Glanstein, & Lilly, LLP), for Appellees, of counsel.

Present: MESKILL, SACK, and B.D. PARKER, Circuit Judges.

### SECOND AMENDED SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Francisco E. Urena, *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York granting the defendants' motions to dismiss his civil complaint for lack of subject matter jurisdiction as to Urena's claims against defendant American Airlines, Inc. ("American") and for failure to state a claim as to Urena's claim against Defendant Transport Workers Union Local 501 ("TWU").

We review a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) & (6) *de novo, see Merritt v. Shuttle, Inc.,* 245 F.3d 182, 186 (2d Cir.2001); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996), accepting plaintiff's

factual allegations as true and drawing all reasonable inferences in his favor, *see Mason v. American Tobacco Co.*, 346 F.3d 36, 39 (2d Cir.2003).

In resolving either a Rule 12(b)(1) or 12(b)(6) motion to dismiss, a district court may refer to evidence attached to the pleadings, as it did here with respect to Urena's attachment of and reference to relevant portions of the collective bargaining agreement between American and TWU. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). The district court's consideration of the attachments did not convert either of the defendants' motions to dismiss into motions for summary judgment. *See Dangler v. N.Y. City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir.1999).

■ Here, the district court did not abuse its discretion in dismissing Urena's claims against American that he was wrongfully discharged and denied unpaid vacation benefits in violation of the governing collective bargaining agreement, as "minor disputes" under the Railway Labor Act ("RLA"), 45 U.S.C. § 151, *et seq.* The RLA provides that "minor disputes," including those grounded in collective bargaining agreements, are subject to the exclusive and mandatory jurisdiction of boards of adjustment. *See* 45 U.S.C. §§ 153, 184–185; *see also Brotherhood of Locomotive Eng'rs Div. 269 v. Long Island Rail Rd. Co.*, 85 F.3d 35, 37–38 (2d Cir. 1996). Urena's RLA claims are grounded in the collective bargaining agreement and are not a matter of statutory civil rights. *Cf. Bates v. Long Island R.R. Co.*, 997 F.2d 1028, 1034 (2d Cir.1993). Because Urena's claims were "minor disputes" as contemplated by the RLA, the district court properly concluded that it lacked jurisdiction and that arbitration would be the appropriate and only forum for Urena's claims regarding the collective bargaining agreement. *See* Fed.R.Civ.P. 12(b)(1).

■ For substantially the reasons stated by the district court, we affirm its dismissal of Urena's claim that TWU breached its duty of fair representation to him by failing to process his grievance letters and assist him in his appeal of American's decision to terminate his employment. The applicable statute of limitations in a suit alleging a breach of the duty of fair representation is six months. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169–71, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). This statute of limitations applies to American employees, like Urena, who were covered by the RLA. *See Ramey v. Dist. 141 Int'l Ass'n of Machinists*, 378 F.3d 269, 277–78 (2d Cir.2004). A cause of action for breach of a union's duty of fair representation accrues when a party knew or reasonably should have known that such a breach had occurred. *Id.* at 278. Because the TWU's alleged breach was grounded in its failure to pursue a grievance, Urena's claim accrued when he had notice that the union was not going to take action. *See Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97–98 (5th Cir.1992). The district court correctly found, based upon Urena's complaint and the exhibits referenced therein, that Urena reasonably knew of his rights and the underlying facts forming the basis of this action in 2000, when his letters requesting TWU's intervention in his appeal went unanswered by the union. Because Urena waited until March 2003 to file this suit, well beyond the six month statute of limitations, the district court properly held that Urena's claims were untimely and dismissed his claim against TWU for failure to state a claim for which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6).

Finally, to the extent that Urena argues on appeal that his duty of fair representa-

tion claim is applicable to American, this claim similarly fails. Urena's claim, as it pertains to American, cannot stand because he did not raise it in the district court. *See Kraebel v. Dept. of Housing Preservation & Dev.*, 959 F.2d 395, 401 (2d Cir.1992). And even if Urena had properly raised such a "hybrid" duty of representation claim for breach of contract against American, the dismissal of the duty of fair representation claim against the union requires the dismissal of the breach of contract claim against the employer. *See United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 62, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981).

For the foregoing reasons, district court's judgment dismissing Urena's complaint is AFFIRMED.